UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHARLES LEE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV0079-CDP |
| | ) | |
| CITY OF KIRKWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

I.  **INTRODUCTION**

Plaintiff Charles Lee Thornton ("Plaintiff") regularly attends the Kirkwood City Council meetings and is a chronic antagonist with the Kirkwood City Council. On January 18, 2007, Plaintiff, acting pro se, filed a Petition against the City of Kirkwood ("Kirkwood") seeking a Temporary Restraining Order and a Preliminary and Permanent Injunction based upon an alleged violation of First Amendment rights. On that same day, this Court held a hearing and denied Plaintiff's request for a Temporary Restraining Order.

On March 15, 2007, Plaintiff filed a Motion for Leave to Amend Complaint seeking to add the undersigned, John M. Hessel, his law firm, Lewis, Rice & Fingersh, L.C. ("Lewis Rice"), members of Kirkwood's City Council, Kirkwood's Mayor, Chief Administrative Officer, Chief of Police and Director of Public Works. Plaintiff also attempts to assert an additional "Count" for an unrecognized and frivolous "claim" against all of the above and Kirkwood for "Failure to Settle with Plaintiff," apparently relating to certain municipal ordinance charges that

Thornton v. City of Kirkwood

"commence[d] May 17, 2001." (Amended Complaint ¶¶ 2, 8; Plaintiff's Memorandum in Support of his Motion for Leave ("Plaintiff's Memo.") at p. 1).

Plaintiff represents that these names were just "mistakenly overlooked, causing ET. AL. to be removed on the original filing . . ." (Plaintiff's Memo. at p. 1). However, as set forth more fully herein, Plaintiff admitted during the Rule 16 "meet and confer" conference that this was not simply a typographical error. Instead, he explained that he would add some of these parties as defendants if Kirkwood refused to pay him $15,000,000.00, and that this amount would increase if Kirkwood took certain actions, such as filing pleadings or refusing to hire alternative legal counsel. Moreover, he admitted that he intended to expand the lawsuit to address matters relating to municipal charges that were filed and prosecuted against Plaintiff in 2001 and 2002.

Plaintiff was reminded that he was convicted on almost all of the municipal charges and that he unsuccessfully pursued claims against Kirkwood in St. Louis County Circuit Court for malicious prosecution for three charges in which he was found not guilty. Plaintiff was also warned that his conduct is an abuse of process and violates court rules.[1]

As mentioned during the hearing on Plaintiff's request for a Temporary Restraining Order, this lawsuit is simply one of a series of claims that Plaintiff has filed in the Circuit Court of St. Louis County, the Missouri Court of Appeals and the Missouri Supreme Court. Defendants strongly encourage this Court to deny Plaintiff's Motion for Leave to Amend because the Motion was filed in bad faith. It is designed to harass Kirkwood, the Kirkwood City Council, the City Staff and the City Attorney, to cause unnecessary delay, and to increase the costs of litigation. His "complaints" completely lack any factual support, and the legal

---

[1] Defendants recently served Plaintiff with a Motion for Rule 11 Sanctions and Memorandum in Support. (A copy of the March 26, 2007 Correspondence, forwarding those pleadings, is attached hereto as Ex. A).

2

contentions are frivolous and not supported by existing law. As such, this Court should deny his Motion.

## II. FACTUAL BACKGROUND

From 1996 through 2002, Plaintiff was prosecuted for approximately 114 municipal ordinance violations, in both Kirkwood Municipal Court and St. Louis County Circuit Court.[2] (Ex. B, "Defendant's Memo in First Civil Suit", at pp. 1-5 and Ex. B thereto, the Affidavit of Kristin Johnson ("Johnson Affidavit") at ¶ 2). As a result, Plaintiff pled guilty to or was convicted of approximately 100 charges, in which thousands of dollars in fines were assessed but have never been paid.[3] (Id.)

---

[2] Although Plaintiff alleges this activity "commence[d] May 17, 2001," (Amended Complaint ¶ 8) the actual conviction dates are as follows: In May of 2001, after a lengthy bench trial before the Honorable Barbara A. Crancer in Division 31 of St. Louis County Circuit Court, Plaintiff was found guilty of 19 of 21 counts of municipal ordinance violations and fined Twelve Thousand Two Hundred Fifty Dollars ($12,250.00). (Defendant's Memorandum in Support of its Motion for Summary Judgment, Statement of Uncontroverted Facts, along with the exhibits thereto, filed in St. Louis County Circuit Court, Case No. 03CC-003926 ("Defendant's Memo. in First Civil Suit"), attached hereto as Ex. B). Later, in the fall of 2001, Plaintiff was brought to trial in Kirkwood Municipal Court on an additional thirty eight (38) counts of ordinance violations. (Ex. B, Defendant's Memo. in the First Civil Suit at pp. 4-5 and Ex. B thereto; Johnson Aff. at ¶¶ 1-8). On October 16, 2001, after a two day bench trial before Judge Stephen Smith in Kirkwood Municipal Court, Plaintiff was found guilty of thirty four (34) of the thirty eight (38) violations and fined Twenty Seven Thousand Eight Hundred Eight Dollars and Fifty Cents ($27,808.50). (Id.). On October 23, 2001, pursuant to Rule 37.71 of the Missouri Rules of Criminal Procedure, Plaintiff requested a trial *de novo* of the above-reference convictions in St. Louis County Circuit Court, and 32 of 34 Counts were presented to Judge Crancer. (Id.). On May 13, 2002, after a second two-day trial on the merits in Division 31, Thornton was found guilty of 27 of 32 counts by the Honorable Barbara A. Crancer, and was fined another Six Thousand Two Hundred Dollars ($6,200.00). (Id.).

[3] Most of Plaintiff's convictions stem from his unlawful operation of a construction business in Kirkwood. (Ex. B, Defendant's Memo at p. 2, n. 1 and Exs. C and E thereto). However, Plaintiff has also been convicted of other charges. For example, on October 16, 2001, Plaintiff was found guilty in Kirkwood Municipal Court of assault and battery on Kenneth Yost (an individual he now seeks to add as a party to this case), and fined $1000.00. (Id.). On May 13, 2002, Plaintiff was again found guilty of assaulting Mr. Yost and fined $1000.00 by Judge Crancer. (Id.).

Once these prosecutions were complete, Plaintiff filed a civil lawsuit in St. Louis County Circuit Court for malicious prosecution against Kirkwood and Kenneth Yost (an individual he now seeks to add as a defendant), relating to these charges. (A copy of the Petition, in Thornton v. Kirkwood, Cause No. 03CC-00392, is attached hereto as Exhibit C). Judge Vincent granted Defendants' Motion for Summary Judgment, and the Court of Appeals affirmed. (A copy of the Judgment and Order, in Thornton v. Kirkwood, Cause No. 03CC-00392, is attached hereto as Ex. D; A copy of the Judgment and Order, in Thornton v. Kirkwood, Case No. ED 84580, (Mo. App. E.D. April 26, 2005), attached hereto as Ex. E).

More recently, Plaintiff was convicted of the two municipal charges of disorderly conduct that arose out of the incidents occurring on May 18 and June 15, 2006, which are the crux of Plaintiff's Complaint. He was originally convicted in Kirkwood Municipal Court and, after a trial *de novo* before St. Louis County Circuit Court Judge Ellen Levy Siwak, he was again convicted and assessed a fine of $2,000. (A certified copy of Kirkwood Municipal Court Judgment/Conviction is attached hereto as Ex. F; A copy of St. Judge Siwak's March 15, 2007 Judgment/Conviction is attached hereto as Ex. G).

In this lawsuit, Plaintiff claims that on May 18, 2006 and June 15, 2006, he was stopped from speaking at the Kirkwood City Council meetings in violation of his First Amendment rights. He sought injunctive relief claiming no adequate remedy at law. This Court denied his request for a Temporary Restraining Order and, thereafter, issued an Order Setting Rule 16 Conference. On or about March 7, 2007, Plaintiff and Defendant's counsel met at the law offices of Lewis Rice for the Rule 16 "meet and confer" conference. (Declaration of Jami L. Boyles ("Boyles Decl.") dated March 26, 2007, along with the exhibit(s) thereto, attached hereto as Exhibit H, at ¶ 7). Plaintiff brought approximately four pages of handwritten notes, along

with several blow-up exhibits for a "presentation" he wanted to make relating to alleged wrongful convictions and alleged mistreatment by Kirkwood. (Id. at ¶¶ 8, 10-14). Defendant's counsel advised Plaintiff that they had heard the allegations previously and that they were not relevant to this proceeding. (Id.). Plaintiff persisted in a loud and assertive manner so Defendant's counsel listened to his presentation. (Id.). According to Plaintiff, if Defendant's counsel refused to listen to the presentation, Plaintiff would not have agreed to discuss a single deadline and the Rule 16 meeting would have been futile. (Id. at ¶¶ 10-11).

Plaintiff's presentation included, among other things, insulting and harsh words about Kirkwood and its "slave mentality," a blow-up exhibit of a donkey (and discussion regarding Kirkwood's officials resemblances to that donkey), and blow up exhibits referencing the 2001/2002 convictions discussed above. (Id. at ¶ 12). As such, the presentation did not assist in settlement or otherwise clarify any of the claims or defenses that were before the Court, as instructed by Rule 16. (Id. at ¶ 13). However, during the presentation, Plaintiff did add some new light, by stating that he would be pursuing some sort of expungement or other redress for the 2001/2002 convictions in this litigation. (Id. at ¶ 14).

At the conclusion of this presentation, Plaintiff demanded that Kirkwood pay him $15,000,000.00 prior to March 30, 2007. (Ex. H, Boyles Decl. at ¶¶ 15-19). He then explained that this amount would increase dramatically (by $5,000,000.00 increments) if Kirkwood took certain actions, such as permitting Lewis Rice to file anything with the Court or otherwise assist in the defense of this litigation. (Id.). Plaintiff stated that he wanted Lewis Rice removed from the litigation, and falsely asserted that Mr. Hessel had previously "represented" him and that Plaintiff had not yet "released" Mr. Hessel from the representation. (Id.). Defendant's counsel challenged Plaintiff's assertion and clearly advised Plaintiff that, if he filed a pleading with the

Court asserting this false accusation that it would be a false declaration to the Court and could subject him to sanctions.. (Id.).

During the Rule 16 meeting, Plaintiff did not mention any typographical or other unintentional errors regarding his failure to name additional defendants. (Ex. H, Boyles Decl. at ¶ 17). Instead, he affirmatively stated he would add certain other parties now unnamed if the above-referenced demands went unmet. (Id. at ¶¶ 15-19). When asked about his reasoning for adding parties that had nothing to do with the May 18 or June 15, 2006 arrests, Plaintiff refused to provide any evidence or any reasoning to support his claims. (Id.). However, Plaintiff did, again, recount allegations about the 2001/2002 charges discussed above. (Id.).

Significantly, there are no factual allegations that any of the individuals that Plaintiff seeks to add as defendants participated in any way in any of alleged acts on May 18, 2006 or June 15, 2006. The Kirkwood City Charter provides that the Mayor "shall ... preside as chairman of meetings of the City Council." (Ex. H, Boyles Decl. at ¶ 21 and Ex. 1 thereto). Yet, Plaintiff alleges that members of the City Council (Swoboda, Karr, Godi, McDonnell, Lynch, Yuan and Griffin), the Chief Administrator's office (Mike Brown), the Chief of Police (Jack Plummer),[4] the City Attorney (John Hessel) and his law firm (Lewis, Rice & Fingersh), "interrupt(ed) Plaintiff based solely on the content of Plaintiff's non law breaking speech, during 2 (two) City Meetings, forced to stop speaking, handcuffed, forcefully removed from the meetings and charged him with Disorderly Conduct."[5] There is no factual support to justify these false accusations as to these Defendants. This Court should, therefore, deny Plaintiff's

---

[4] Chief Plummer was not present at the meetings.

[5] As noted previously, Plaintiff has been tried and convicted on the Charge of Disorderly Conduct before two different Judges at two separate trials.

6

Motion to Amend and compel Plaintiff to submit factual assertions in support of a claim before this Court should allow the submission of an Amended Complaint.

### III.  ARGUMENT

After a responsive pleading has been filed, a plaintiff may amend his or her pleading with leave of court, and such leave should be "freely given," but only "when justice so requires." FED. R. CIV. PRO. 15(a). In the Eighth Circuit, a District Court's denial of leave to amend is appropriate and will be affirmed in the limited circumstances where the party opposing the amendment can demonstrate undue delay, bad faith, futility of the amendment, or unfair prejudice. See Kemin Foods, L.C. v. Pigmentos Vegetales DL Dentro S.A. DE C.V., 384 F.Supp.2d 1334, 1346 (S.D. Iowa 2005) (discussing both undue delay/prejudice and futility as appropriate reasons to deny motion to amend); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (bad faith/dilatory motive and futility are valid reason to prohibit amendment); Deutsche Fin. Servs. Corp. v. BCS Ins. Co., 299 F.3d 692, 700 (8th Cir. 2002) (district court did not abuse its discretion in denying leave to amend because of the undue delay and prejudice that would result); Grandson v. Univ. of Minn., 272 F.3d 558, 575 (8th Cir. 2001) (leave to amend properly denied where the proposed pleading would be futile); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (the following limited circumstances justify a court's refusal to grant leave to amend: undue delay, bad faith, futility and unfair prejudice).

As demonstrated by the information set forth herein, Plaintiff's Motion for Leave to Amend should be denied because Plaintiff's Motion was filed in bad faith and the proposed pleading would be futile. It is simply designed to harass certain parties. The conclusionary claims are without any factual basis, and the legal contentions are not supported by existing law and are frivolous. As such, this Court may properly deny Plaintiff's Motion for Leave to Amend because he has no evidentiary basis or legal grounds for the claims asserted therein. The

standard in determining whether an amended pleading would be futile is the same as the standard for a motion to dismiss. "A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Such motions "can serve a useful purpose in disposing of legal issues with a minimum of time and expense to the interested parties." Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968, 973 (8th Cir. 1968).

A. **Plaintiff has no legal or evidentiary basis for his claims and, therefore, any amendment would be futile, and this Court should deny Plaintiff's motion.**

   *1.   There is no cause of action against the parties Plaintiff seeks to add as Defendants.*

Plaintiff seeks to add parties relating to his claim of "content based discrimination," but he has offered no factual support (and there is no evidence) that any of these individuals acted to deprive him of his constitutional rights. Quite simply, the individuals that Plaintiff seeks to add did not take any action to Plaintiff's detriment, and lacked any power or authority to do so. Under Kirkwood's Charter, the Mayor is the only person with authority to preside over the Council meetings. (Ex. H, Boyles Decl. at ¶ 21).

Plaintiff's claims should be denied because he has alleged no facts indicating that any individual defendant was directly involved in the alleged violations. Section 1983 requires a causal link to, and direct responsibility for, deprivation of rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Jefferson v. Sokoloff, No. 1:06CV171 LMB, 2007 U.S. Dist. LEXIS 4135, * 5-6 (E.D. Mo. 2007). Plaintiff must set forth facts indicating that each individual defendant was directly involved in, or personally responsible for, the alleged violations of his constitutional rights. Id. Where a plaintiff fails to do so, as Plaintiff has here, his or her complaint is "legally frivolous" and the complaint should be dismissed entirely. Id.

8

Moreover, even if Plaintiff were to allege that these individuals took some affirmative act during the relevant Council Meetings (which they did not), they would be protected by the doctrine of qualified immunity. Siegert v. Gilley, 500 U.S. 226, 231-32 (1994); Manzano v. South Dakota Dept. of Soc. Servs., 60 F.3d 505, 509 (8th Cir. 1995). Government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights, of which a reasonable person would have known. Id. "Where a plaintiff fails to allege sufficient allegations to withstand the qualified immunity defense, it is proper to grant a motion to dismiss." Bettio v. Northfield, 775 F. Supp. 1545, 1551 (D. Ohio 1991) (internal citations omitted). Since there are no factual allegations to support Plaintiff's claim, Plaintiff's Motion for Leave to Amend should be denied as futile. Grandson, 272 F.3d at 575.

Additionally, this Court should deny Plaintiff's Motion to Amend because the issue of whether Plaintiff's conduct was disorderly has been fully adjudicated, and the decisions of Judge Smith and Judge Siwak serve as collateral estoppel and *res judicata* with respect to Plaintiff's conduct. Plaintiff does not have an absolute First Amendment right to speak whenever he wants or however he wants. It has long been recognized that the First Amendment protection of freedom of expression is not inviolate, and the U.S. Supreme Court has established that the "First Amendment does not guarantee persons the right to communicate at all times or in any manner that may be desired." Heffron v. International Soc'y of Krishna Consciousness, 452 U.S. 640, 647, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981). In keeping with this principle, courts have established that a city may enforce a reasonable regulation of the "time, place and manner" of expression. Airport Comm'rs. of Los Angeles v. Jews for Jesus, 482 U.S. 569, 573, 107 S.Ct. 2568, 96 L.Ed.2d 500 (1987); see also Jones v. Heyman, 888 F.2d 1328, 1331 (11th Cir. 1989)

(finding a significant government interest in controlling the agenda and preventing the disruption of public meetings). Therefore, speakers at public meetings must conduct themselves properly or they lose their privilege of speaking. Plaintiff forfeited his First Amendment rights by his improper and inappropriate conduct, as evidenced by the judicial findings of his disorderly conduct. His claim asserting a denial of his First Amendment rights is, therefore, without merit, and this Court should not allow him to harass additional parties by adding them to a lawsuit that is meritless.

    2.    *There is no cause of action for "failure to settle."*

There is no cause of action for "failure to settle."[6] There is no legal requirement that a defendant settle with a plaintiff in any legal proceeding, and no penalty for a defendant failing to do so. It is even more ridiculous to claim that an unnamed individual (such as those parties Plaintiff seeks to add as defendants to this lawsuit) would be required to settle when there is not even a lawsuit pending against them. This frivolous "claim" is improper and would be subject to immediate dismissal if the Complaint were so amended. This Court should, therefore, deny Plaintiff's Motion for Leave to Amend as futile. Grandson, 272 F.3d at 575.

**B.** **Plaintiff's "Failure to Settle" claim, arising out of his 2001/2002 charges, is barred by the doctrine of *Res Judicata* and Collateral Estoppel and, therefore, amendment of the Complaint would be futile and Plaintiff's motion should be denied.**

Plaintiff's claim for "Failure to Settle," arising out of the 2001/2002 charges, is barred by the doctrine of collateral estoppel and *res judicata*. DePugh v. Clemons, 966 F. Supp. 898, 904

---

[6] To the extent Plaintiff believes Kirkwood (or any of the other parties Plaintiff hopes to add as Defendants) should have offered him some sort of plea agreement on the underlying 2001 and 2002 charges (or those charges he received in May and June 2006), "[a] defendant has no constitutional right to a plea bargain." State v. Price, 787 S.W.2d 296, 299 (Mo. Ct. App. 1990). The prosecutor "may refuse to bargain altogether, or cut off negotiations at any time." Coleman v. Risley, 839 F.2d 434, 450 (9th Cir. 1988) (denying § 1983 claims of plaintiff, a black male, who alleged that prosecutor refused to offer him a plea negotiation, but did bargain with his co-conspirator, a white male) (reconsidered on different grounds)

(W.D. Mo. 1997).[7] Collateral estoppel bars an action where: (1) an identical issue existed in prior litigation; (2) which ended in a judgment on the merits; (3) involving the same party; and (4) the issue was fully and fairly litigated and necessary to the judgment. DePugh, 966 F. Supp. at 904. Similarly, upon a final judgment on the merits, *res judicata* bars a party from relitigating a claim in a second suit which was, or could have been, raised in the first suit. Id.

Here, Plaintiff notes in his Amended Complaint, that his "Failure to Settle with Plaintiff" claims arise out of activities that "commence[d] May 17, 2001." (Amended Complaint at ¶ 8). Moreover, in his "presentation" at the Rule 16 meeting, Plaintiff mentioned that he was seeking some sort of expungement for these charges, and that it was crucial that the Court review those charges. (Ex. H, Boyles Decl. at ¶ 14). As noted above, Plaintiff filed a civil lawsuit pertaining to those charges and convictions, and the claim was dismissed. (Ex. D, Judgment of St. Louis County Circuit Court; Ex. E, Court of Appeal Order affirming Judgment). He is, therefore, barred from re-litigating these matters any further and this Court should deny Plaintiff's Motion to Amend as futile. See DePugh, 966 F. Supp. at 904; Grandson, 272 F.3d at 575.

### C. Plaintiff's "Failure to Settle" claim, arising out of his 2001/2002 charges, is barred by the applicable statute of limitations.

Plaintiff's Section 1983 claim arising out of the 2001/2002 charges is also barred by the applicable 5-year statute of limitations. See 42 U.S.C. § 1983; Mo; Bradford v. Purkett, No. 4:05CV00041 FRB, 2007 U.S. Dist. LEXIS 20474, * 5 (E.D. Mo. March 22, 2007). The limitations period for claims under Section 1983 is borrowed from the state statute of limitations for general personal injury claims. See Bell v. State, No. 1:06CV00185 FRB, 2007 U.S. Dist.

---

[7] In DePugh, a *pro se* plaintiff's complaint was not only dismissed, but he was sanctioned, for pursing claims that he knew were barred by doctrine of collateral estoppel and *res judicata*. 966 F. Supp. at 904. The Court awarded sanctions for plaintiff's "malicious and frivolous" lawsuit because the plaintiff had filed numerous lawsuits against the defendant, continuing to allege the same factual matters despite a prior court's earlier rulings. Id.

LEXIS 17748, * 6 (E.D. Mo. March 14, 2007), citing <u>Owens v. Okure</u>, 488 U.S. 235, 249-250 (1989); <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985). In Missouri, the applicable statute of limitations for general personal injury claims is 5 years. Mo. Rev. Stat. § 516.120(4). Plaintiff's claim is, therefore, barred.

**D.    <u>Plaintiff's Motion was filed in bad faith and for improper purposes, and this Court should sanction Plaintiff for his improper conduct.</u>**

Plaintiff acted in bad faith by filing this pleading (and by taking various other actions during the Rule 16 meeting). Plaintiff told Defendant's counsel that he would file this pleading and seek to add these parties if Defendant took certain actions in defending itself, including filing any pleadings with the Court, continuing to employ Lewis Rice, or refusing to provide him with $15,000,000.00. (Ex. H, Boyles Decl. at ¶¶ 15-19). Moreover, he blatantly lied to this Court about his reasons for failing to add these parties when he claims that the names were "mistakenly overlooked, causing ET. AL. to be removed on the original filing . . ." ("Plaintiff's Memo. at p. 1; Ex. H, Boyles Decl. at ¶¶ 15-19). This assertion is absurd under the circumstances. These parties are never mentioned in Plaintiff's Complaint. Plaintiff's Complaint sought injunctive relief and the request for injunctive relief is abandoned in his Amended Complaint and replaced with a claim for damages. At the time of the hearing on Plaintiff's Application for a Temporary Restraining Order, Plaintiff never suggested that Defense Counsel or his firm should be disqualified from the proceeding because we were defendants or potential defendants. Similarly, he never suggested that the individual members of the City Council, the Chief Administrative Officer, the Chief of Policy, the Director of Public Works or the City Attorney were depriving him of his right to speak at a public meeting. Plaintiff apparently decided that he did not need them when seeking injunctive relief but he wants to add these parties to seek money damages in furtherance of his desire to harass and annoy officials associated with the City of Kirkwood.

and Plaintiff's conduct at the Rule 16 meeting further confirms that Plaintiff will go to great lengths to harass these individuals.

This Court may deny a motion for leave to amend where it is filed in bad faith or for other improper purposes. Sanders, 823 F.2d at 216. Plaintiff cannot pursue claims simply to harass the Defendant, to delay litigation, or to increase the costs of litigation. FED. R. CIV. PRO. 11. Not only should this Court deny Plaintiff's Motion, it may also sanction Plaintiff under Rule 11 for his conduct. Id.

### IV. CONCLUSION

For all the foregoing reasons, Defendant City of Kirkwood respectfully requests that this Court deny Plaintiff's Motion for Leave to Amend, order sanctions and other fees and costs to Defendant, and grant any additional relief it deems proper under the circumstances. Alternatively, Defendant asks that this Court defer ruling on Plaintiff's Motion until Plaintiff has withdrawn his Motion or until Plaintiff can offer to this Court an amended pleading that sets forth sufficient factual allegations to serve to support a claim as to each party Plaintiff seeks to add as a defendant.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     /s/ John M. Hessel
John M. Hessel, #3390
Jami L. Boyles, #19903
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147
(314) 444-7600 (Telephone)
(314) 241-6420 (Facsimile)

Attorneys for Defendant City of Kirkwood

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing document was filed electronically with the Court and served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 26th day of March, 2007.

                                                            /s/ John M. Hessel