IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

CHARLES THORNTON, )
)
Plaintiff, )
)
) Case No. 03CC-003926
v. )
) Division 9
CITY OF KIRKWOOD AND KEN YOST, )
)
Defendants. )

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

I. **INTRODUCTION**

Plaintiff Charles Thornton ("Plaintiff" or "Thornton") has filed a baseless claim. Since March of 1996, Thornton has been cited and prosecuted for 114 municipal ordinance violations in Kirkwood Municipal Court and in the St. Louis County Circuit Court. Thornton has pled guilty to or been convicted of 100 of these charges.

In May of 2001, after a lengthy bench trial before the Honorable Barbara A. Crancer in Division 31 of St. Louis County Circuit Court, Thornton was found guilty of 19 of 21 counts of municipal ordinance violations and fined Twelve Thousand Two Hundred Fifty Dollars ($12,250.00). Later, in the fall of 2001, Thornton was brought to trial in Kirkwood Municipal Court on an additional thirty eight (38) counts of ordinance violations. On October 16, 2001, after a two day bench trial before Judge Stephen Smith in Kirkwood Municipal Court, Thornton was found guilty of thirty four (34) of the thirty eight (38) violations and fined Twenty Seven Thousand Eight Hundred Eight Dollars and Fifty Cents ($27,808.50). On October 23, 2001, pursuant to Rule 37.71 of the Missouri Rules of Criminal Procedure, Thornton requested a trial *de novo* of the above-reference convictions in St. Louis County Circuit Court, and 32 of 34

1058819.12

B

LF000007

Counts were presented to Judge Crancer. On May 13, 2002, after a second two-day trial on the merits in Division 31, Thornton was found guilty of 27 of 32 counts by the Honorable Barbara A. Crancer, and was fined another Six Thousand Two Hundred Dollars ($6,200.00).[1] In each of these cases, Thornton has consistently exercised his right to have a full and fair trial on the merits, and to present a vigorous defense on each of the charges against him.[2]

Against this backdrop, Thornton brings the instant action for malicious prosecution wherein he alleges that, because he was found not guilty on three out of thirty two charges after trial in May of 2002,[3] the charges were initiated or prosecuted "maliciously" or in bad faith. There is simply no support for such a claim. Based upon the undisputed facts, there can be no doubt that the charges against Thornton were proper. Moreover, the City of Kirkwood and Ken Yost are immune from Plaintiff's claims. Accordingly, this Court should enter judgment as a matter of law in favor of Defendants.

---

[1] Most of Thornton's convictions stem from his unlawful operation of a construction business in the City of Kirkwood. However, Thornton has also been convicted of other types of charges. For example, on October 16, 2001, Thornton was found guilty in Kirkwood Municipal Court by Judge Stephen Smith of assault and battery on Ken Yost (one of the defendants in this case), and fined $1000.00 for the same. See October 16, 2001 Judgments, Ex. C. On May 13, 2002, Thornton was again found guilty of assaulting Mr. Yost and fined $1000.00 by Judge Crancer. See Judge Crancer's May 13, 2002 Judgment, Ex. E, at p. 3. Thornton has never paid any portion of this fine.

[2] Indeed, due to the number of charges and the extensive testimony Thornton offers, the trials in Kirkwood Municipal Court could not be held on the ordinary trial night. Rather, the City of Kirkwood made special arrangements to try the charges against Mr. Thornton on two separate Thursday evenings.

[3] As discussed more fully herein, Plaintiff inaccurately states in his Petition that citations were issued on May 17, 2002 and that he was found not guilty on those charges. In fact, the charges which are the subject of his claim were issued on May 17, 2001, and there is only one charge upon which he was found not guilty as referenced in his Petition.

## II. STATEMENT OF UNCONTROVERTED MATERIAL FACTS

1. Defendant City of Kirkwood is a Municipal Corporation.

2. Defendant Ken Yost ("Yost") was at all relevant times herein acting in his official capacity as the Director of Public Works for the City of Kirkwood. Affidavit of Ken Yost ("Yost Affidavit"), a copy of which is attached hereto as Exhibit A, at ¶ 2.

3. Yost's duties are to enforce the Housing, Building and Zoning Codes of the City of Kirkwood. Yost Affidavit, Ex. A, at ¶ 2. Yost exercises discretion in determining whether a violation of Kirkwood's Ordinances has occurred, and, if so, whether to initiate a charge based upon the violation. Yost Affidavit, Ex.A, at ¶ 3.

4. Since March of 1996, Thornton has been charged with 114 violations of the City of Kirkwood's Ordinances. Affidavit of Kristin Johnson ("Johnson Affidavit"), a copy of which is attached hereto as Exhibit B, at ¶ 2. Thornton has pled guilty to, or been convicted of, 100 of these charges. Id.

5. On August 9, 2001 and September 27, 2001, Thornton was tried in Kirkwood Municipal Court on thirty eight (38) counts of municipal ordinance violations. Johnson Affidavit, Ex. B, at ¶ 3.

6. On October 16, 2001, Thornton was found guilty by Judge Stephen Smith of thirty four (34) of the thirty eight (38) counts in Kirkwood Municipal Court and fined $27,808.50. Johnson Affidavit, Ex. B, at ¶ 4.

7. Two of Thornton's October 16, 2001 convictions were on Case Number 130398-8 ("Dumping in Unlicensed Area") and Case Number H15165-3 ("Improper Storage of Building Materials"). Johnson Affidavit, Ex. B, at ¶ 5; October 16, 2001 Certified Municipal Court Judgments, copies of which are attached hereto as Exhibit C. Both of these charges relate to

LF000009

municipal ordinance violations that occurred at 299 McCullough Avenue, Kirkwood, Missouri on or about May 17, 2001. Johnson Affidavit, Ex. B, at ¶ 5.

8. On or about August 3, 2001, William Allen, the owner of the 299 McCullough Avenue property (by and through an attorney), pled guilty to eighteen (18) counts of municipal ordinance violations and was fined $1,296.00.[4] See Certified August 3, 2001 Plea Agreement of William Allen, a copy of which is attached hereto as Exhibit D; Johnson Affidavit, Ex. B, at ¶ 6. All of those charges were based upon conditions and activities that existed at 299 McCullough between May 17, 2001 and July 3, 2001. Id.

9. One of these charges was based upon the same conditions and activities at 299 McCullough for which Thornton was charged and convicted, to wit, Case Number 130398-8 -- allowing rubbish to accumulate on 299 McCullough Avenue on or about May 17, 2001. Johnson Affidavit, Ex. B, at ¶ 6.

10. On October 23, 2001, pursuant to Rule 37.71 of the Missouri Rules of Criminal Procedure, Thornton certified all thirty four (34) of his October 16, 2001 convictions to St. Louis County Circuit Court for a trial *de novo*. Johnson Affidavit, Ex. B, at ¶ 7.

11. On April 25, 2002 and May 7, 2002, the City of Kirkwood proceeded to trial on thirty two (32) counts of municipal ordinance violations against Charles Thornton in Division 31 of St. Louis County Circuit Court. See Certified Copy of the Honorable Barbara A. Crancer's May 13, 2002 Judgment, a copy of which is attached hereto as Exhibit E.

12. After a bench trial before the Honorable Barbara A. Crancer, on May 13, 2002, Thornton was found guilty of twenty seven (27) of thirty two (32) counts and fined Six Thousand

---

[4] Under the Kirkwood Municipal Code, in addition to the individual that personally violates the ordinance, the owner of the property may also be charged for allowing unlawful conditions or activities to exist on the property.

Two Hundred Dollars ($6,200.00).[5] See Judge Crancer's May 13, 2002 Judgment, Ex. E, at p. 4.

13. One of the twenty seven (27) May 13, 2002 convictions was on Case Number H15165-3, wherein Thornton was charged with Improper Storage of Building Materials in violation of 5407 Section 20-168(c) of the Kirkwood Code. Id. at p. 3.

14. Thornton called Thomas Klocke as a defense witness at the trial that occurred on April 25, 2002 and May 7, 2002 in Division 31 of the St. Louis County Circuit Court. Yost Affidavit, Exhibit A, at ¶ 11; Affidavit of Kathy Hawkins ("Hawkins Affidavit"), attached hereto as Exhibit F, at ¶ 8. At that trial, Mr. Klocke testified for the first time that Thornton was working as a subcontractor for Klocke at 299 McCullough on or about May 17, 2001. Id. Thornton had never previously advised any employee of the City of Kirkwood that he was purportedly working as a subcontractor for Mr. Klocke at 299 McCullough on or about May 17, 2001. Id.

### III. LEGAL STANDARD

The Missouri Rules of Civil Procedure encourage resolution of claims through the use of summary judgment to avoid the expense and delay of meritless claims or defenses, and to permit the efficient use of scarce judicial resources. ITT Commercial Financial Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371 (Mo. 1993). Summary judgment is not a procedural shortcut, but rather an integral part of the Missouri Rules of Civil Procedure. Those rules are designed, according to Rule 41.03, "to secure the just, speedy and inexpensive determination of every action." Wood and Houston Bank v. Molan, 815 S.W.2d 454, 457 (Mo. App. W.D. 1991).

It is well-settled that summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Missouri

---

[5] Thornton has not made any payment on these fines. In fact, Thornton has $18,450.00 in outstanding fines to the City of Kirkwood on which he has never made any payment whatsoever.

Rule of Civil Procedure 74.04; Cape Retirement Community, Inc. v. Kuchle, 798 S.W.2d 201, 202 (Mo. App. E.D.1990). It is not necessary for the movant to show by unassailable proof that he is entitled to summary judgment. Martin v. City of Washington, 848 S.W.2d 487, 492 (Mo. 1993). In order to overcome a motion for summary judgment, the opposing party may not rest upon mere allegations or denials, but must set forth specific facts that demonstrate the existence of an outstanding genuine issue of material fact. ITT Commercial Financial, 854 S.W.2d at 381.

IV. ARGUMENT

A. Plaintiff Cannot Prove Essential Elements of His Malicious Prosecution Claim.

1. Malicious Prosecution Cause of Action.

Courts strictly view complaints for malicious prosecution. "The charge of malicious prosecution is no favorite of the law and, when made, the elements necessary to sustain it must be strictly and clearly proven." Harper v. St. Joseph Lead Co., 233 S.W.2d 835, 838 (Mo. 1950). The strict standard serves as a protection for those parties who have filed the actions at issue. "Because malicious prosecution suits counterveil the public policy that law should encourage citizens to aid in uncovering wrongdoing, the courts require strict compliance with the required elements." Teefey v. Cleaves, 73 S.W.3d 813, 816 (Mo. App. W.D. 2002) (citing Sanders v. Daniel International Corp., 682 S.W.2d 803, 806 (Mo. 1984)).

In order to pursue a claim for malicious prosecution, a plaintiff must plead and prove six elements: (1) the commencement of a prosecution against the plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and (6) the plaintiff was damaged. Sanders v. Daniel Intern Corp., 682 S.W.2d 803, 807 (Mo. 1984). As set
6
LF000012

forth below, Thornton cannot prove elements (3) and (4), and, therefore, his claim fails as a matter of law.[6]

### 2. Plaintiff Cannot Prove That the Relevant Proceedings Terminated in His Favor.

As stated, Plaintiff must show the relevant proceedings terminated in his favor in order to prevail on his claim. Sanders v. Daniel Intern Corp., 682 S.W.2d 803, 807 (Mo. 1984). The "proceedings" for purposes of this case are referenced in paragraphs 4 through 6 of Plaintiff's Petition.[7] In those paragraphs, Plaintiff alleges that he that he was charged with "the violation of Ordinance 5407 - Section 20-20-168(c) of the Ordinances of the City of Kirkwood" (Petition at ¶ 4), "the violation of Ordinance 10-58 of the Ordinances of the City of Kirkwood" (Petition at ¶ 5), and "the violation of Ordinance 10-58 of the Ordinances of the City of Kirkwood" (Petition at ¶ 6).[8] Plaintiff further alleges that "after appeal to the Circuit Court of the County of St. Louis, [he] was exonerated and found not guilty [of those charges]."[9] Petition at ¶ 8.

---

[6] Defendants submit that Plaintiff cannot prove other elements necessary to prevail on his malicious prosecution action, however, because Plaintiff's claim fails as a matter of law on elements (3) and (4), Defendants need not address the other elements for purposes of summary judgment.

[7] Plaintiff alleges in his Petition that each of the charges were issued on May 17, 2002. Petition at ¶¶ 4-6. As previously noted, the charges upon which Plaintiff purports to base his claim were issued on May 17, 2001. For purposes of this Motion, Defendants will assume that Plaintiff will amend his Petition to correct this error, and Defendants respond to the allegations as if the proper date were alleged.

[8] Plaintiff alleges that he was charged with a violation of Section 10-58 in paragraph 5 and again in paragraph 6 of his Petition. Although Defendants are aware that Judge Crancer mistakenly referenced two counts of violating Section 10-58 in her May 13, 2002 Order, in fact, Plaintiff was only charged with a single count of violation of Section 10-58. See Johnson Affidavit, Ex. B, at ¶ 8, and citation attached thereto. Accordingly, Defendants only address that single charge herein.

[9] Plaintiff improperly characterizes his *de novo* trial in St. Louis County Circuit Court as an "appeal." As previously noted, the proceeding is a new trial, rather than a review of the initial proceeding. See Rule 37.71 Mo. R. Crim. P.

The charge referenced in paragraph 4 of Plaintiff's Petition -- violation of Ordinance 5407, Section 20-168(c) -- did not terminate in favor of Plaintiff. To the contrary, Plaintiff was convicted of that charge in Kirkwood Municipal Court on October 16, 2001, and was *again* convicted of the charge in Division 31 of St. Louis County Circuit Court on May 13, 2002. See October 16, 2001 Judgments, Ex. C, and page 3, Count Twenty One of Judge Crancer's May 13, 2002 Judgment, Ex. E. Accordingly, Plaintiff cannot prevail on his malicious prosecution claim with respect to this charge, and Defendants are entitled to judgment as a matter of law.[10]

The charge referenced in paragraphs 5 and 6 of Plaintiff's Petition -- violation of Section 10-58 -- also did not terminate in favor of Plaintiff. In fact, Plaintiff was convicted of that charge on October 16, 2001 in Kirkwood Municipal Court. See October 16, 2001 Judgments, Ex. C. The mere fact that Plaintiff was later found not guilty in the *de novo* proceeding does not constitute termination of the proceeding in Plaintiff's favor. Indeed, at best, Plaintiff was found guilty in one proceeding and not guilty in another.[11] This result cannot support a claim for malicious prosecution. See Euge v. Bank of St. Louis, 567 S.W. 2d 409 (Mo. App. E.D. 1978)(Affirming grant of summary judgment for defendant in malicious prosecution case where plaintiff was convicted at trial but conviction later overturned on appeal). Defendants are entitled to judgment in their favor as a matter of law.

### 3. Plaintiff Cannot Show Absence of Probable Cause for the Prosecution.

---

[10] Because Plaintiff clearly cannot state a claim with respect to this charge of which he was twice convicted, Defendants do not address it further herein.

[11] As noted, the second proceeding was a trial *de novo*, not an appeal. Therefore, the second proceeding did not "reverse" the Municipal Court judgment, nor find it in error.

Even assuming, *arguendo*, Plaintiff could establish that a particular charge "terminated in his favor," Plaintiff's claim for malicious prosecution still must fail because Plaintiff cannot show the absence of probable cause for the prosecution. Probable cause is defined as "reasonable grounds for suspicion, supported by circumstances in evidence sufficiently strong to warrant a cautious man in his belief that the person accused is guilty of the offense charged." Perry v. Dayton Hudson Corp., 789 S.W.2d 837, 841 (Mo. App. E.D. 1990). The phrase 'reasonable grounds' means that "under the circumstances, an ordinarily careful and prudent person, after having made a reasonable inquiry, would have believed the facts alleged and that the judicial proceeding was valid." Id. Where there is no dispute about the facts of a claim for malicious prosecution, the existence of probable cause is a question of law for the court. State ex rel. Police Ret. Sys. v. Mummert, 875 S.W.2d 553, 555 (Mo. 1994); see also Zahorsky v. Griffin, Dysart, Taylor, Penner & Lay, P.C., 690 S.W.2d 144, 152 (Mo. App. W.D. 1985); Euge v. Bank of St. Louis, 567 S.W.2d 409, 411-12 (Mo. App. E.D. 1978).

In the instant case, the charge against Thornton for violating Section 10-58 of the Kirkwood Municipal Ordinances (illegal dumping) on or about May 17, 2001 at 299 McCullough Avenue (Petition at ¶¶ 5 and 6) was, as a matter of law, prosecuted based upon probable cause. Ken Yost has clearly stated in his Affidavit that he initiated the charge after an investigation that included speaking with citizen witnesses, observing the conditions at the property, observing the activities of Thornton at the property, and speaking with Thornton personally. See Yost Affidavit, Ex. A, at ¶ 6. Based upon the foregoing and Ken Yost's knowledge of the Kirkwood Ordinances, he reasonably believed that Thornton was violating Section 10-58 of the Kirkwood Code and exercised his discretion to initiate the charge. Id.

9

LF000015

Based upon these undisputed facts, this Court should hold that the prosecution of the charge was based upon probable cause as a matter of law.

Moreover, Plaintiff cannot, as a matter of law, prove absence of probable cause to prosecute him for violating Section 10-58 of the Kirkwood Ordinances because he was *convicted* of this charge in Kirkwood Municipal Court on or about October 16, 2001. See October 16, 2001 Judgments, Ex. C. This conviction negates the lack of probable cause element of Plaintiff's claim, and shifts the burden to Plaintiff to show a genuine issue of material fact on this issue. State ex rel. Police Ret. Sys. v. Mummert, 875 S.W.2d 553, 556 (Mo. 1994) (noting that if the [factfinder] finds guilt beyond a reasonable doubt, then probable cause existed for the proceedings). Moreover, the mere fact that Plaintiff was found not guilty on this charge at his trial *de novo*, is insufficient to create a factual issue on the existence of probable cause to prosecute the charge. See Perry v. Dayton Hudson Corp., 789 S.W.2d 837, 841 (Mo. App. E.D. 1990) ("Where a prima facie showing of probable cause exists, the fact that Plaintiff was acquitted creates no genuine issue of fact on the issue."); see also Euge v. Bank of St. Louis, 567 S.W. 2d 409, 411 (Mo. App. E.D. 1978) (affirming grant of summary judgment for defendant in malicious prosecution case where, conviction, although overturned on appeal, constituted probable cause as a matter of law).

Furthermore, although it is unclear, it appears that the reason Thornton was found guilty of this charge in Kirkwood Municipal Court, but found not guilty of the same charge in his trial *de novo* in St. Louis County Circuit Court, was because the testimony of a witness that he called in his defense in the latter proceeding but did not call in the former. Specifically, Thomas Klocke testified at the second proceeding that Thornton was working as a subcontractor for him at 299 McCullough on or about May 17, 2001. Yost Affidavit, Ex. A, at ¶ 11; Hawkins

10

Affidavit, Ex. F, at ¶ 8. Apparently, Judge Crancer found this testimony to be relevant to the illegal dumping charge. Significantly, this contention was never brought to Yost's or the City of Kirkwood's attention prior to the second trial in St. Louis County Circuit Court. Yost Affidavit, Ex. A, at ¶ 11; Hawkins Affidavit, Ex. F, at ¶ 8. Accordingly, this "surprise evidence," introduced for the first time <u>at the second trial</u>, cannot, as a matter of law, negate the fact that probable cause existed to initiate and prosecute the charge. See <u>Perry v. Dayton Hudson Corp.</u>, 789 S.W.2d 837, 841 (Mo. App. E.D. 1990) (holding shoplifting defendant who was acquitted after he presented a receipt at trial for the first time could not show lack of probable cause to initiate proceeding and noting that "the facts must be considered as the prosecuting party could have reasonably believed them to be under the circumstances at the time."); see also <u>Linn v. Moffitt</u>, 73 S.W.3d 629, 634 (Mo. App. E.D. 2002) ("We consider the facts as the prosecuting party could have reasonably believed them to be under the circumstances at the time.").

Finally, the existence of probable cause to prosecute the charge of violating Section 10-58 against Thornton, based upon the conditions that existed at 299 McCullough on or about May 17, 2001, is confirmed by the fact that the owner of that property, William Allen (by and through an attorney), pled guilty to allowing illegal dumping to occur at 299 McCullough on the date in question. See August 3, 2001 Plea Agreement of William Allen, Ex. D; Johnson Affidavit, Ex. B, at ¶ 6. In sum, the undisputed facts demonstrate that Defendants Yost and the City of Kirkwood had probable cause to believe Plaintiff had violated the City's ordinances, and, therefore, Defendants are entitled to judgment as a matter of law.

B. <u>The City of Kirkwood is Protected from Plaintiff's Claim by the Doctrine of Sovereign Immunity.</u>

Plaintiff's Petition attempts to state a direct claim against the City of Kirkwood for malicious prosecution. However, pursuant to RSMo. § 537.600, the City of Kirkwood is

LF000017

protected from Plaintiff's claim by the doctrine of sovereign immunity. RSMo. § 537.600.1; United Missouri Bank v. City of Grandview, 105 S.W.3d 890, 895 (Mo. App. W.D. 2003); see also Mitchell v. Village of Edmundson, 891 S.W.2d 848, 850 (Mo. App. E.D. 1995) (noting that intentional torts have consistently been found to fall within the shield of sovereign immunity). Accordingly, Plaintiff's claim against the City of Kirkwood fails as a matter of law.

Plaintiff also purports to state a claim against the City of Kirkwood for punitive damages. See Petition at ¶ 11. As stated, the City of Kirkwood is immune from Plaintiff's underlying malicious prosecution claim, and, therefore, the punitive damage claim necessarily fails. Moreover, Plaintiff has not properly pled a claim for punitive damages. However, assuming, *arguendo*, that Plaintiff's underlying claim survives (which it cannot), and Plaintiff amends his Petition to properly allege punitive damages, Plaintiff still cannot recover punitive damages against the City of Kirkwood as a matter of law, and his claim for the same must be dismissed. See Green v. City of St. Louis, 1993 Mo. App. LEXIS 439 (Mo. App. E.D. 1993); see also State of Missouri v. Chilton, 626 S.W.2d 426, 429 (Mo. App. S.D. 1981); Fortner v. City of Archie, 70 F. Supp.2d 1028, 1031 (citing Chappell v. City of Springfield, 423 S.W.2d 810, 814-15 (Mo. 1968) ("[a]bsent a statute specifically authorizing recovery, punitive damages are not recoverable against a municipal corporation.").

### C. Defendant Ken Yost is Protected from Plaintiff's Claim by the Doctrine of Official Immunity.

Under Missouri law, a government agent has "an official immunity from liability for discretionary acts or functions performed in the exercise of official duties." Rustici v. Weidemeyer, 673 S.W.2d 762, 769 (Mo. 1984). "This protection is extended in the hope of promoting the effective administration of public affairs by removing the threat of personal

liability from those officials who must exercise their best judgment in conducting the public's business." Heins Implement Co. v. Missouri Highway & Transp. Comm'n, 859 S.W.2d 681, 694-95 (Mo. 1993).

Discretionary acts are protected, ministerial acts are not. A discretionary act is one that "requires the exercise of reason in the adoption of means to an end, and discretion in determining how or whether an act should be done or a course pursued." Hawkins v. City of Farmington, 189 F.3d 695, 703 (8th Cir. 1999) (citing Bachman v. Welby, 860 S.W.2d 31, 33 (Mo. App. E.D. 1993)). In contrast, a ministerial function is "one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to [his] own judgment or opinion concerning the propriety of the act to be performed." Bachman, 860 S.W.2d at 33. Significantly, courts have held that the "exception to qualified immunity for functions that are 'ministerial' rather than 'discretionary' is quite narrow. For official immunity purposes, a duty is 'ministerial' only where the statue or regulation leaves no room for discretion -- that is, it 'specif[ies] the precise action that the official must take in each instance.'" Sellers v. Baer, 28 F.3d 895, 902 (8th Cir. 1994) (quoting Davis v. Scherner, 468 U.S. 183, 196 n. 14, 104 S. Ct. 3012, 3020 n. 14, 82 L.Ed.2d 139 (1984)). Ultimately, whether an act is discretionary or ministerial is determined by the facts of each particular case. Bachman, 860 S.W.2d at 33.

In the instant case, it is undisputed that, at all relevant times to this lawsuit, Ken Yost was acting in his official capacity as the Public Works Director for the City of Kirkwood. See Plaintiff's Petition at ¶ 3; Yost Affidavit, Ex. A, at ¶ 2. Moreover, Ken Yost's investigation and decision to initiate the charges against Charles Thornton were based upon Mr. Yost's professional evaluation and judgment regarding the conditions and activities at 299 McCullough

LF000019

on or about May 17, 2001, and his knowledge and interpretation of the Kirkwood Ordinances. Yost Affidavit, Ex. A, at ¶ 6. Mr. Yost considered and evaluated numerous factors before deciding to initiate charges against Thornton. Id. Moreover, Yost is not required to initiate a charge merely because he believes a violation has occurred. Yost Affidavit, Ex. A, at ¶ 3. Rather, Yost may exercise his discretion in any given situation to issue a verbal warning, written warning or take no action, as he deems appropriate. Id. Accordingly, the investigation and initiation of the charges against Thornton were clearly discretionary acts in furtherance of law enforcement, and, therefore, Yost is immune from the instant claim which is predicated on those acts. See Bachmann v. Welby, 860 S.W.2d 31, 33 (Mo. App. E.D. 1993) (officer's decisions in responding to call regarding violation of law found to be discretionary acts); see also Green v. Denison, 738 S.W.2d 861, 866 (Mo. 1987) (decision by police officers to surround door and kick it open is discretionary); Kanagawa v. State By and Through Freeman, 685 S.W.2d 831, 836 (Mo. 1985) (designing policies and standards for prison security is discretionary function); Hagedorn v. Adams, 854 S.W.2d 470, 476 (Mo. App. W.D. 1993) (an officer's actions in determining whether to pursue a suspect were discretionary and therefore protected by official immunity); Beaver v. Gosney, 825 S.W.2d 870, 874 (Mo. App. W.D. 1992) (investigating accident scene is discretionary function); Shivers v. Barnes, 813 S.W.2d 121, 123 (Mo. App. W.D. 1991) (discipline of prisoners is discretionary function); DaVee v. Mathis, 812 S.W.2d 816, 827 (Mo. App. W.D. 1991) (execution of warrant is discretionary function).

LF000020

## V. CONCLUSION

For all of the foregoing reasons, this Court should grant summary judgment in favor of Defendants on all of Plaintiff's claims.

Respectfully submitted,

LEWIS, RICE & FINGERSH, L.C.

By: *[signature]*
John M. Hessel, #26408
Philip J. Mackey, #48630
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7600
(314) 612-1343 (facsimile)

Attorneys for Defendants City of Kirkwood and Ken Yost

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served via U.S. Postal Service, first class postage prepaid, to: **Irwin M. Roitman**, 7110 Tulane Avenue, St. Louis, Mo., 63130, on this 3rd day of November, 2003.

*[signature]*