UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| CHARLES LEE THORNTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 4:07CV0079-CDP |
| CITY OF KIRKWOOD, | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

I. <u>INTRODUCTION</u>

Plaintiff Charles Lee Thornton ("Plaintiff") has once again filed a Motion asking this Court to allow him to expand his lawsuit to name additional parties and to amend his Complaint to assert a frivolous, baseless claim that is unsupported by any factual allegations. As this Court is well aware, Plaintiff filed a Motion for Leave to Amend Complaint on March 15, 2007 ("March 15 Motion to Amend") seeking to add the undersigned, John M. Hessel, his law firm, Lewis, Rice & Fingersh, L.C. ("Lewis Rice"), members of Kirkwood's City Council, Kirkwood's Mayor, Chief Administrative Officer, Chief of Police and Director of Public Works. Plaintiff also attempted to assert an additional Count for an unrecognized and frivolous "claim" for "Failure to Settle with Plaintiff," apparently relating to certain municipal ordinance charges that "commence[d] May 17, 2001."

In support of his March 15 Motion to Amend, Plaintiff filed a Memorandum falsely representing to the Court that these names were just "mistakenly overlooked, causing ET. AL. to be removed on the original filing . . ." (Plaintiff's Memorandum in Support filed on March 15,

1371752

2007 at p. 1). On March 26, 2007, Defendant filed a Memorandum in Opposition to Plaintiff's Motion ("March 26 Memo in Opposition"). Defendant incorporates the March 26 Memo in Opposition by reference because the legal principles set forth therein are applicable herein. As set forth more fully in the March 26 Memo in Opposition, Plaintiff admitted during the Rule 16 "meet and confer" conference that his Motion to Amend was not simply a typographical error, and he threatened to add parties as Defendants if Kirkwood refused to pay him $15,000,000.00. In response, Plaintiff was cautioned that his conduct was an abuse of process and violated court rules, and Plaintiff, thereafter, was served with a Motion for Rule 11 Sanctions and Memorandum in Support.

During a hearing before this Court on March 30, 2007, Plaintiff woefully failed to justify the joinder of the additional parties and could not provide this Court with any factual or legal support for his additional claims. The claims were frivolous, and this Court, therefore, denied Plaintiff's March 15 Motion to Amend.

Plaintiff's prior action is significant because Plaintiff's most recent filings are so similar in nature. The March 15 Motion to Amend was solely designed to harass Kirkwood, the Kirkwood City Council, the City Staff and the City Attorney, to cause unnecessary delay, and to increase the costs of litigation. His "complaints" completely lacked any factual support, and the legal contentions were frivolous and not supported by existing law. Plaintiff's current Motion for Joinder of Parties and Amended Complaint is similarly designed to harass certain parties and is equally deficient from a factual and legal standpoint. This is particularly evident by Plaintiff's attempt to join Mike Brown, Jack Plummer and Ken Yost without making a single allegation against any of these people. Defendant also encourages this Court to carefully read Plaintiff's Memorandum in Support of Plaintiff's Motion for Joinder of Parties and Amend Complaint.

Although portions of Plaintiff's Memorandum are unintelligible, Defendant suggests that it will provide the Court with some insight about Plaintiff's transparent attempt to harass the Kirkwood City Council, the Kirkwood staff and the undersigned legal counsel under the guise of some misguided belief that he has the right to say whatever he wants, whenever he wants, without restriction or repercussion. As this Court previously pointed out to Plaintiff, the First Amendment does not guarantee persons with the right to speak at any time or in any manner. Moreover, under the First Amendment, cities have the right to enforce reasonable regulations of speech during public meetings. Yet, Plaintiff continues to try to pursue frivolous claims under the false assumption that he is entitled to disrupt legislative proceedings and abuse the judicial process. Defendant asks this Court to deny Plaintiff's Motion and impose sanctions against him.

## II.     ARGUMENT

Defendant again recognizes that, after a responsive pleading has been filed, a plaintiff may amend his or her pleading with leave of court, and such leave should be "freely given," but only "when justice so requires." FED. R. CIV. PRO. 15(a). In the Eighth Circuit, a District Court's denial of leave to amend is appropriate and will be affirmed in the limited circumstances where the party opposing the amendment can demonstrate undue delay, bad faith, futility of the amendment, or unfair prejudice. See Kemin Foods, L.C. v. Pigmentos Vegetales DL Dentro S.A. DE C.V., 384 F.Supp.2d 1334, 1346 (S.D. Iowa 2005) (discussing both undue delay/prejudice and futility as appropriate reasons to deny motion to amend); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (bad faith/dilatory motive and futility are valid reason to prohibit amendment); Deutsche Fin. Servs. Corp. v. BCS Ins. Co., 299 F.3d 692, 700 (8th Cir. 2002) (district court did not abuse its discretion in denying leave to amend because of the undue delay and prejudice that would result); Grandson v. Univ. of Minn., 272 F.3d 558, 575 (8th Cir. 2001) (leave to amend properly denied where the proposed pleading would be futile); Sanders v.

3

Clemco Indus., 823 F. 2d 214, 216 (8th Cir. 1987) (the following limited circumstances justify a court's refusal to grant leave to amend: undue delay, bad faith, futility and unfair prejudice).

Once again Plaintiff's Motion for Leave to Amend should be denied because Plaintiff's Motion was filed in bad faith and the proposed pleading would be futile. It is simply designed to harass certain parties.[1] The allegations in the Amended Petition are without any factual support, and the legal contentions are not supported by any law. Therefore, this Court may again properly deny Plaintiff's Motion for Leave to Amend. The standard in determining whether an amended pleading would be futile is the same as the standard for a motion to dismiss. "A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Such motions "can serve a useful purpose in disposing of legal issues with a minimum of time and expense to the interested parties." Hiland Dairy, Inc. v. Kroger Co., 402 F. 2d 968, 973 (8th Cir. 1968). This Court should deny Plaintiff's Motion to Amend.

A.  **Plaintiff has no legal or evidentiary basis for his claims and, therefore, any amendment would be futile, and this Court should deny Plaintiff's motion.**

In the prayer for relief in Plaintiff's proposed Amended Petition, Plaintiff asks this Court to "enter and grant the issuance of permanent injunction to the extant it prevents and deters Defendant from stopping Constitutional rights to speak at City of Kirkwood Citizen Participation Council Meetings." This request for injunctive relief fails to specifically set forth terms for such relief and fails to describe in reasonable detail the act or acts sought to be restrained as to the proposed defendants. See Fed.R.Civ.Pro. 65(d). Additionally, Plaintiff presents no factual

---

[1] Plaintiff's intention to harass is further demonstrated by his appearance outside of the St. Louis County Courthouse, the law offices of Lewis, Rice & Fingersh and at Kirkwood City Council meetings carrying a placard calling John Hessel of Lewis, Rice & Fingersh a "liar."

allegations to support such relief nor does Plaintiff set forth any factual basis for his contention that Defendant, or any of the proposed additional parties, have infringed upon his Constitutional right to speak. In the pleading initially filed with this Court, Plaintiff sought relief against the City of Kirkwood based upon two (2) instances in which he was stopped from speaking at a Council meeting and was arrested for disorderly conduct. As pointed out to this Court in Defendant's March 26 Memo in Opposition, Plaintiff has since been convicted on the disorderly conduct charges and, therefore, Defendant intends to address Plaintiff's claim through a Motion for Summary Judgment. However, in Plaintiff's Motion to Amend, he seeks relief which will prevent and deter the City of Kirkwood and additional parties from stopping him from speaking at Council meetings. Yet, there are no factual allegations to suggest that anyone has stopped Plaintiff from speaking in a manner that would violate his Constitutional rights. Plaintiff also seeks leave of this Court to add individual Defendants to this litigation without any factual support for his claim. Most notably, Plaintiff proposes to add Mike Brown (the Chief Administrative Officer for the City of Kirkwood), Jack Plummer (the Chief of Police of the City of Kirkwood), and Ken Yost (the Director of Public Works for the City of Kirkwood) even though Plaintiff makes no allegation whatsoever against these people.

Plaintiff also proposes to add John Hessel and Lewis, Rice & Fingersh, Mayor Mike Swoboda, and the Kirkwood City Council Members (Connie Karr, John Godi, Art McDonnell, Mike Lynch, Iggy Yuan and Ken Griffin). As set forth more fully below, the allegations against these Defendants are equally meritless and do not support any legal claim against them.

1.  *There is no cause of action against John Hessel or Lewis, Rice & Fingersh.*

In Paragraph 7 of Plaintiff's proposed Amended Petition, Plaintiff contends that John Hessel "advocate(d) and advised to the banning and contriving of banning Plaintiff from speaking and/or attending the Kirkwood Council Meetings for Citizen participation." As this

5

Court was informed during the hearing on March 30, 2007, the undersigned legal counsel did not advise the City Council that they could ban Plaintiff or anyone else from Council meetings. This is verified by the minutes of a closed meeting held on June 1, 2006 and the minutes of the open meeting held on June 1, 2006, copies of which are attached hereto as Exhibits A and B, respectively. More importantly, Plaintiff does not and cannot allege that he has been banned from any meeting. Defendant does not deny that there was discussion about whether the City of Kirkwood had the authority to ban Plaintiff from attending or speaking at meetings. Yet, there is no cause of action for engaging in such a discussion. Similarly, assuming, *arguendo*, that Plaintiff's allegation is true (which it is not) and that John Hessel did advocate and advise the City Council to ban Plaintiff from Council meetings, such conduct does not state a claim because Plaintiff has not been banned from attending or speaking at any Council meetings, and Plaintiff does not allege that he has been banned from any Council meetings. Section 1983 requires a causal link to, and direct responsibility for, deprivation of rights. See Madewell v. Roberts, 909 F. 2d 1203, 1208 (8th Cir. 1990); see also Jefferson v. Sokoloff, No. 1:06CV171 LMB, 2007 U.S. Dist. LEXIS 4135, *5-6 (E.D. Mo. 2007). Plaintiff is obligated to set forth facts indicating that each Defendant was directly involved in or personally responsible for an alleged violation of his Constitutional rights. Id. Plaintiff cannot allege that his Constitutionals rights were violated by a discussion concerning banning him from a Council meeting. Plaintiff's allegations against John Hessel and Lewis, Rice & Fingersh are frivolous and this Court should deny his Motion to Amend.

2. *There is no cause of action against Mayor Swoboda or the Kirkwood City Council.*

In Paragraph 8 of Plaintiff's proposed Amended Petition, Plaintiff alleges that Mayor Swoboda interrupted him and forced him to stop speaking by having him forcefully removed

6

from the meeting. As set forth in Defendant's March 26 Memo in Opposition, the issue of whether Plaintiff's conduct was disorderly has been fully adjudicated and the decisions of Judge Smith and Judge Siwak serve as collateral estoppel and *res judicata* with respect to the actions of Mayor Swoboda and the removal of Plaintiff from the Council meeting. DePugh v. Clemons, 966 F. Supp. 898, 904 (W.D. Mo. 1997). Additionally, the actions of the Mayor and City Council, as discussed below, are protected by the doctrine of qualified immunity. Siegert v. Gilley, 500 U.S. 226, 231-32 (1994); Manzano v. South Dakota Dept. of Soc. Servs., 6 F. 3d 505, 509 (8th Cir. 1995).

In Paragraph 9 of Plaintiff's proposed Amended Petition, Plaintiff alleges that the City Council revised the guidelines to control a speaker's speech. Yet, as previously pointed out to Plaintiff, the reasonable regulation of speech at legislative meetings is not unlawful. Unfortunately, Plaintiff continues to persist in his mistaken belief that he has an absolute First Amendment right to speak whenever he wants or however he wants. It has long been recognized that the First Amendment protection of freedom of expression is not inviolate, and the U.S. Supreme Court has established that the "First Amendment does not guarantee persons the right to communicate at all times or in any manner that may be desired." Heffron v. International Soc'y of Krishna Consciousness, 452 U.S. 640, 647, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981). In keeping with this principle, courts have established that a city may enforce a reasonable regulation of the "time, place and manner" of expression. Airport Comm'rs. of Los Angeles v. Jews for Jesus, 482 U.S. 569, 573, 107 S.Ct. 2568, 96 L.Ed.2d 500 (1987); see also Jones v. Heyman, 888 F. 2d 1328, 1331 (11th Cir. 1989) (finding a significant government interest in controlling the agenda and preventing the disruption of public meetings). Therefore, speakers at public meetings must conduct themselves properly or they lose their privilege of speaking. On

7

two occasions, Plaintiff forfeited his First Amendment rights by his improper and inappropriate conduct, as evidenced by the judicial findings of his disorderly conduct. Otherwise, Plaintiff has been allowed to speak, and his claim asserting a denial of his First Amendment rights is, therefore, without merit, and this Court should not allow him to harass additional parties by adding them to a lawsuit that is meritless.

For these reasons, Plaintiff's allegations against Mayor Swoboda and the City Council are frivolous and this Court should deny Plaintiff's Motion to Amend.

**B.** **Plaintiff's Motion was filed in bad faith and for improper purposes, and this Court should sanction Plaintiff for his improper conduct.**

Several weeks ago, when Plaintiff made a similar attempt to amend his Complaint, this Court conducted a hearing to afford Plaintiff the opportunity to explain the factual basis for his allegations and his legal theories. Plaintiff was unable to provide any factual support for his contentions because no factual support exists. Similarly, Plaintiff was unable to provide the Court with any legal rationale that would support his claims. This Motion and the proposed Amended Complaint are similarly deficient. Plaintiff does not identify how Mike Brown, Jack Plummer or Ken Yost deprived him of his right to speak at a public meeting in any manner. Similarly, Defendant is incapable of identifying in any manner how the undersigned, John Hessel, or Lewis, Rice & Fingersh deprived him of his right to attend a meeting or to speak at a meeting. Plaintiff also is incapable of identifying how Kirkwood's Mayor and City Council prohibited him from speaking except on two occasions when Mayor Swoboda stopped him from speaking, but on those two occasions, Plaintiff has been found guilty of disorderly conduct. The allegations in Plaintiff's proposed Amended Complaint are simply a reiteration of accusations made in his March 15 Motion to Amend. Plaintiff is obviously trying to thwart the Order of this Court, and if a member of the Bar engaged in this conduct, Defendant suspects that this Court

would readily impose sanctions. Plaintiff has decided that he will serve as his own attorney and, as such, he should be held accountable for his misconduct. As has been pointed out to Plaintiff on several occasions by Defendant and this Court, the City has the right to reasonably regulate Plaintiff's speech and conduct at legislative meetings. The allegations in Plaintiff's proposed Amended Complaint do not give rise to a cause of action and his Motion to Amend is to harass and annoy officials associated with the City of Kirkwood.

This Court may deny a Motion for Leave to Amend where it is filed in bad faith and for improper purposes. Sanders, 823 F. 2d at 216. Plaintiff cannot pursue claims simply to harass the Defendant, to delay litigation or to increase the cost of litigation. Fed. R. Civ. Pro. 11. Not only should this Court deny Plaintiff's Motion, it should also sanction Plaintiff under Rule 11 for his conduct. Id.

### III.  CONCLUSION

For all of the foregoing reasons, Defendant City of Kirkwood respectfully requests that this Court deny Plaintiff's Motion for Leave to Amend, order sanctions and other fees and costs to Defendant, and grant any additional relief it deems proper under the circumstances.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     /s/ John M. Hessel
John M. Hessel, #3390
Jami L. Boyles, #19903
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147
(314) 444-7600 (Telephone)
(314) 241-6420 (Facsimile)

Attorneys for Defendant City of Kirkwood

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was filed electronically with the Court and served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this <u>16th</u> day of April, 2007.

<u>        /s/ John M. Hessel        </u>