UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

CHARLES LEE THORNTON, )
)
    Plaintiff, )
)
vs. ) Case No. 4:07CV0079-CDP
)
CITY OF KIRKWOOD, )
)
    Defendant. )

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL

Under this Court's Case Management Order, Plaintiff Charles Lee Thornton ("Plaintiff") was required to serve his Initial Disclosures on or before April 9, 2007. Despite his contrary representations to this Court, Plaintiff has yet to serve any sort of Initial Disclosures that would be in compliance with, or contemplated by, Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Rule 26"). Plaintiff is not ignorant of the format of Initial Disclosures, as Defendant City of Kirkwood ("Defendant" or "Kirkwood") fully complied with this Court's Order, serving its disclosures on April 9, 2007.

In Plaintiff's Objections to Compel Motion, Plaintiff claims that he "served its Initial Disclosures in and as accompanying documents titled: Motion for Joinder of Parties and Amend Complaint; Memorandum in Support of Plaintiff's Motion for Joinder of Parties and Amend Complaint; and, Petition for Permanent Injunction, on April 9, 2007 to the Clerk of U.S. District Court, Eastern District of Missouri, in person and upon Defendant via U.S. Mail." (Plaintiff's Objections to Compel Motion at p. 1, ¶ 4). Apparently, Plaintiff contends that his Initial Disclosures were contained in Paragraph 6 of his "Amended to Petition for Permanent Injunction," in which Plaintiff states:

Plaintiff pursuant to Court order relation to document #18, and of FRCP Rule 26, that exempt from initial disclosures are, evidentiary materials of privilege or protection of trial impeachment and/or preparation and on a preceding ancillary to proceedings in other courts and or reasonably availability and are reasonably calculated to lead to discovery as admissible; and that constitutional claims are admissible at any time, Plaintiff hereof and or herein petition made such disclosure for subpart (a) of subsection 3 of section 1 Scheduling Plan; and will meet the other subparts as required or applicable or as modified for justice.

This nonsensical "initial disclosure," if that is what Plaintiff purports it to be, is insufficient and made in bad faith. Again, Plaintiff is aware of the Initial Disclosure requirements and has Defendant's representative pleadings. Further, Plaintiff is not exempt from disclosures (if that is what he claims) and this delay tactic is an abuse of the discovery process. Defendant has been forced to point out Plaintiff's harassing behavior, not just in this particular pleading, but in several pleadings filed with this Court. Plaintiff, although pro se, is required to comply with this Court's rules.

Defendant, again, respectfully requests that this Court grant its Motion to Compel and immediately Order Plaintiff to comply with the Federal Rules and serve his Initial Disclosures on Defendant when five (5) business days and a failure to do comply with the Court Order will result in a striking of Plaintiff's pleadings. In addition, since Defendant has been forced to respond in such a manner, Defendant respectfully requests that this Court Order award Defendant its costs incurred herein, and such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     /s/ John M. Hessel
       John M. Hessel, #3390
       Jami L. Boyles, #19903
       500 N. Broadway, Suite 2000
       St. Louis, MO 63102-2147
       (314) 444-7600 (Telephone)
       (314) 241-6420 (Facsimile)

Attorneys for Defendant City of Kirkwood

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 23rd day of April, 2007.

       /s/ John M. Hessel