UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| CHARLES LEE THORNTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:07CV0079-CDP |
| CITY OF KIRKWOOD, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

COMES NOW Defendant City of Kirkwood (hereinafter "Kirkwood" or "Defendant"), by and through its undersigned counsel, and for its Motion for Rule 11 Sanctions, states as follows:

1. On or about January 18, 2007, Plaintiff Charles Lee Thornton ("Plaintiff"), acting pro se, filed his original Complaint, seeking a Temporary Restraining Order and Preliminary and Permanent Injunction, based upon an alleged violation of First Amendment rights on two specific occasions. He filed this Complaint against only one defendant, Kirkwood.

2. On that same day, after a hearing, this Court denied Plaintiff's Motion for Temporary Restraining Order. During that hearing, Plaintiff did not mention any missing parties or any defendants that he "mistakenly overlooked" in "causing ET. AL. to be removed" from his Complaint, as he has since represented to this Court. (Plaintiff's Memorandum in Support of his Motion for Leave ("Plaintiff's Memo."), at p. 1).

3. On or about March 15, 2007, Plaintiff filed a Motion for Leave to Amend Complaint, a Memorandum in Support of that Motion, and a Proposed Amended Complaint. As

Thornton v. City of Kirkwood    Doc. 25

explained in more detail below, this Court has already denied Plaintiff's Motion, and did so after a hearing at the parties' Rule 16 Scheduling Conference on March 30, 2007.

4. In those pleadings, Plaintiff sought to add various defendants who took no action relevant to the allegations set forth in the Complaint or Amended Complaint, including the undersigned, John M. Hessel, the undersigned's law firm Lewis, Rice and Fingersh, L.C. ("Lewis Rice"), members of Kirkwood's City Council, and Kirkwood's Mayor, Chief Administrative Officer, Chief of Police and Director of Public Works. (Amended Complaint, ¶¶ 2, 8; Plaintiff's Memo. at p. 1.).

5. Plaintiff further sought to add an additional "Count" to the Complaint, an unrecognized and frivolous "claim" against all of the above and Kirkwood for "failure to settle with Plaintiff," apparently relating to certain municipal ordinance charges that "commence[d] May 17, 2001." (Id.).

6. Plaintiff's proposed Amended Complaint and accompanying pleadings were presented to the Court for improper purposes and in bad faith, to harass Defendant, to cause unnecessary delay and to increase the costs of litigation. (See Declaration of Jami L. Boyles, dated March 26, 2007 (Boyles Decl.), attached hereto as Exhibit A).

7. The allegations set forth in the pleadings were frivolous and had no evidentiary support. The claims were baseless and unwarranted.

8. In accordance with Rule 11, on or about March 26, 2007, Defendant's counsel sent correspondence to Plaintiff notifying him of these deficiencies and attaching the draft Motion for Sanctions and draft Memorandum in Support. (A copy of the March 26, 2007 correspondence to Plaintiff, with accompanying Motion and Memorandum is attached hereto as Exhibit B).

9. Plaintiff's conduct in filing those pleadings is a violation of Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") in that:

(a) Plaintiff made false representations to the Court (that the "ET. AL." was mistakenly omitted from the original Complaint);

(b) Plaintiff sought to add certain parties, simply because Kirkwood would not pay him $15,000,000.00 and because Kirkwood would not agree to get different counsel to represent Kirkwood in this litigation (Ex. A, Boyles Decl. at ¶¶ 15-19).

(c) Plaintiff attempted to add a "Count" to his Complaint for a frivolous claim of "Failure to Settle with Plaintiff" when no such cause of action exists[1] (Complaint at ¶ 8);

(d) Plaintiff improperly sought to add parties to the litigation that took no action relevant to the allegations in the Complaint or Amended Complaint;

(e) Plaintiff alleged that all of the parties that he sought to add as defendants interrupted Plaintiff and forced him to stop speaking and "joined or instigated the furtherance of damage in not settling with Plaintiff," when Plaintiff did not have any evidence to support this claim and he knew there was no evidence to support such a claim (Amended Complaint at ¶¶ 5, 8); and

(f) Plaintiff's Memorandum in Support contains factual contentions that are untrue and are not based on a reasonable belief.

---

[1] Even if there was such a claim, it is barred by the doctrine of *res judicata* and collateral estoppel in that it arises out of activities in 2001 and 2002, for which Plaintiff already unsuccessfully pursued his claims in St. Louis County Circuit Court. DePugh v. Clemons, 966 F. Supp. 898, 904 (W.D. Mo. 1997); (A copy of Plaintiff's Petition in Thornton v. Kirkwood, Cause No. 03cc-00392, is attached hereto as Exhibit C); (A copy of the Judgment and Order in Thornton v. Kirkwood, Cause No. 03cc-00392, is attached hereto as Exhibit D); (A copy of the Judgment and Order in Kirkwood v. Thornton, Cause No. ED84580 (Mo. App. E.D. April 26, 2005) is attached hereto as Exhibit E).

10. During a hearing on March 30, 2007, the Court afforded Plaintiff the opportunity to explain his pleadings and offered Plaintiff the option of withdrawing his Motion. Plaintiff boldly declined to withdraw his Motion and when he proceeded to attempt to explain the basis for his Motion, he was unable to provide any evidentiary support for his allegations or any information to suggest that the legal contentions were warranted by existing law. Moreover, Plaintiff blamed this Court's clerk for the alleged inadvertent failure to include "ET AL." in his Complaint.

11. At the March 30, 2007 hearing, this Court determined that Plaintiff's allegations lacked factual support and that his legal contentions were frivolous, and Plaintiff's Motion to Amend was denied.

12. In spite of this Court's explicit ruling, Plaintiff has since that time filed a second Motion for Joinder of Parties and to Amend Complaint, again seeking to add these same parties for the purpose of harassment and annoyance. Defendant filed a Memorandum in Opposition to Plaintiff's recent pleading that is substantially similar to its opposition to Plaintiff's original Motion for Leave to Amend Complaint. Although this new Motion is not technically before the Court on Defendants' Motion for Sanctions, Plaintiff's conduct is referenced herein because it establishes precisely why sanctions are necessary in this case. Plaintiff's harassing conduct and abuse of the system will continue if Plaintiff is not sanctioned.

13. To date, in defending the above-referenced frivolous pleadings, Defendant has incurred $13,710.35 in legal fees and costs. (A copy of the legal bills are attached hereto as Exhibit F).

14. For all of the reasons set forth above and for the reasons contained in Defendant's Memorandum in Support, filed herewith and incorporated herein, Defendant respectfully

requests that Plaintiff be sanctioned in the amount of Defendants' attorneys' fees in responding to these pleadings, or in some other amount this Court deems just and proper. Defendant further requests that this Court stay this proceeding for thirty (30) days to allow Plaintiff adequate time to make the payment to Defendant because Defendant has not previously paid any monetary penalty to Kirkwood despite the Circuit Court's levying of fines against him. In addition, Defendant requests that this Court strike Plaintiff's Pleadings in the event Plaintiff fails to make adequate restitution to Defendant.

15. A proposed order is attached hereto as Exhibit G.

WHEREFORE, Defendant City of Kirkwood requests that this Court impose sanctions pursuant to Federal Rule of Civil Procedure 11 and grant such other relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By:       /s/ John M. Hessel
     John M. Hessel, #3390
     Jami L. Boyles, #19903
     500 N. Broadway, Suite 2000
     St. Louis, MO 63102-2147
     (314) 444-7600 (Telephone)
     (314) 241-6420 (Facsimile)

Attorneys for Defendant City of Kirkwood


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 23rd day of April, 2007.


      /s/ John M. Hessel