

# In the Missouri Court of Appeals Eastern District

RECEIVED APR 26 2005

DIVISION FOUR

| | |
|---|---|
| CHARLES THORNTON, | No. ED84580 |
| Appellant, | Appeal from the Circuit Court of the County of St. Louis |
| vs. | |
| CITY OF KIRKWOOD AND KEN YOST, | Honorable David Lee Vincent III |
| Respondents. | FILED: April 26, 2005 |

Before Lawrence E. Mooney, P.J., Lawrence G. Crahan, J., and Mary K. Hoff, J.

PER CURIAM

Charles Thornton ("Plaintiff") appeals from the trial court's judgment granting summary judgment in favor of defendants City of Kirkwood ("City") and Ken Yost ("Yost") (collectively "Defendants") on Plaintiff's claims of malicious prosecution and civil rights violations under 42 U.S.C. section 1983. We dismiss.

The lawsuit arises from a series of citations Plaintiff received for committing violations of the City's municipal ordinances relating to construction and Plaintiff's attempts to fight these citations in court.[1] Yost is the Director of Public Works for the City, a municipal corporation, and he is responsible for the enforcement of the Building, Property Maintenance, Health, Nuisance and Zoning Codes for the City. According to

E

---

[1] Plaintiff also filed a complaint under the Civil Rights Act in the United States District Court for the Western District of Missouri, 04-0018-CV, on January 9, 2004.

Thornton v. City of Kirkwood   Doc. 25 Att. 5

Dockets.Justia.com

Yost's affidavit filed in connection with Defendants' motion for summary judgment, he exercises discretion in determining whether a violation of the City's ordinances has occurred or whether to initiate a charge based upon the violation. He is not required to initiate a charge if he concludes that an ordinance has been violated; instead, he may issue a verbal or written warning or take no action, depending on what he considers appropriate under the circumstances.

Plaintiff is apparently a subcontractor who had been performing some construction or plumbing work on property at 299 McCullough Avenue, which is located in the City and owned by one William Allen.[2] In May 2001, Yost cited Plaintiff for numerous violations of the City's ordinances relating to various building codes and allowing unlawful conditions or activities to exist on the property.[3] After Plaintiff was issued the citations, he returned to the property to continue working and was arrested by the City police for working without an approved site plan. A two-day bench trial was ultimately held in the City's municipal court, and Plaintiff was found guilty of 34 of the 38 counts and assessed fines.

Pursuant to Rule 37.71 of the Missouri Rules of Criminal Procedure, Plaintiff requested a trial de novo and all 34 of the municipal court convictions were certified to the circuit court. At trial, Plaintiff presented the testimony of Thomas Klocke, who stated that Plaintiff was working as a subcontractor for him on May 17, 2001, at the subject

---

[2] Allen pled guilty to 18 counts of municipal ordinance violations in August 2001 relating to the activities and conditions at his property.

[3] Altogether, Plaintiff has been charged with 114 violations of the City's ordinances since March 1996, and he has pled guilty or been convicted of over 100 of them.

property that was the location of two of the charges against Plaintiff.[4] Plaintiff apparently had never previously notified any City employee that he was working as a subcontractor on that date. The cause was submitted to the circuit court on only 32 counts, and Plaintiff was found guilty of 27 of the counts and fined.

In May 2002, Plaintiff's attorney[5] filed a claim in the circuit court against Defendants alleging malicious prosecution and a violation of 42 U.S.C. section 1983. Plaintiff claimed that because he was found not guilty on a few of the charges after trial, the charges were initiated or prosecuted maliciously or in bad faith. Specifically, he claimed that he was charged with a violation of City ordinances 10-58 and 20-168(c) but that he was found not guilty of those charges. Plaintiff also alleged that he was taken into police custody and incarcerated for a period of time during which he suffered substantial monetary losses. In his amended petition, he prayed for judgment for compensatory damages in the amount of $10,000 and for punitive damages in the amount of $12,000,000, in addition to other costs and reasonable attorney's fees.

Defendants moved for summary judgment on the basis that Plaintiff could not show all of the elements needed to pursue a claim for malicious prosecution in that he failed to show that the relevant proceedings terminated in his favor and the absence of probable cause for the prosecution. Defendants also argued that the City is protected

---

[4] The charges against Plaintiff mostly arise from his unlawful operation of a construction business in the City, but he has also been convicted of various municipal ordinance violations, including assault and battery of Yost.
[5] Plaintiff had originally retained an attorney, Irwin Roitman, to represent him, but the attorney withdrew as counsel for Plaintiff in December 2003 after Plaintiff filed documents with the court without the attorney's knowledge or approval.

from suit by the doctrine of sovereign immunity and that Yost is protected from suit by the doctrine of official immunity.

The trial court granted Defendants' motion for summary judgment. The court found that Defendants were entitled to judgment as a matter of law on all of Plaintiff's claims because Plaintiff failed to properly plead sufficient facts proving that the relevant proceedings terminated in his favor and failed to rebut uncontroverted facts to assert that the relevant charges were issued without probable cause. Thus, the malicious prosecution claims failed. In its order, the court also noted that based on the uncontroverted material facts, the Defendants were both entitled to immunity on the claim for malicious prosecution. The court had granted Plaintiff leave to file amended pleadings regarding the section 1983 claim, but it found that the pleadings failed as a matter of law in that Plaintiff did not state a claim because he failed to allege any deprivation of constitutional rights resulting from a policy or custom of the City and he otherwise failed to allege sufficient facts to support a cause of action under the federal statute. This pro se appeal followed.[6]

Plaintiff's brief does not comply with the requirements of the rules of appellate procedure.[7] It is well settled that pro se appellants are held to the same standards as attorneys and must comply with the Supreme Court Rules, including Rule 84.04, which sets out the requirements for appellate briefs. Davis v. Coleman, 93 S.W. 3d 742, 742

---

[6] Plaintiff originally filed an appeal with the Missouri Supreme Court. The Supreme Court subsequently transferred the cause to this court. Plaintiff incorrectly argues in his jurisdictional statement that the circuit court judge ordered the invalidation of the federal statute 42 U.S.C. section 1983.

[7] Plaintiff previously filed two briefs with this court. Both briefs were incomplete and failed to comply with the applicable rules of appellate procedure, and they were returned to him due to their failure to conform so that Plaintiff could file an amended brief.

4

(Mo. App. 2002). We hold pro se appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules. Hardin v. State, 51 S.W.3d 129, 130 (Mo. App. 2001). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties. Perkel v. Stringfellow, 19 S.W.3d 141, 145 (Mo. App. 2000).

Failure to follow Rule 84.04 can result in error not being preserved on appeal and thus constitutes grounds for the dismissal of Plaintiff's appeal. See, e.g., Thummel v. King, 570 S.W.2d 679, 688 (Mo. banc 1978); Perkel, 19 S.W.3d at 145-46. Substantial compliance with the rule is required. Gray v. White, 26 S.W.3d 806, 815 (Mo. App. 1999). There is both sound policy and purpose for Rule 84.04 in facilitating appellate review. Amparan v. Martinez, 862 S.W.2d 497, 499 (Mo. App. 1993). Compliance with the rule is required in order that the appellant may give notice to the party opponent of the precise matters which must be contended with and answered. Id. Compliance is also mandatory so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made. Lane v. Elliott, 102 S.W.3d 53, 55 (Mo. App. 2003).

Here, Plaintiff's brief fails to comply with Rule 84 in almost every respect. In particular, the statement of facts does not comply with Rule 84.04(c), which requires a fair and concise statement of facts "relevant to the question presented for determination without argument." While it makes some citations to the record, the brief statement of facts is incomprehensible, does not accurately represent the record on appeal, and fails to inform the court of the procedural facts or history of this case. In addition, Plaintiff fails

to provide this court with the standard of review applicable to his claims of error as required under the rules. See Rule 84.04(e) (stating that the argument section "shall include a concise statement of the applicable standard of review for each claim of error"). The only reference to the standard of review comes in each of Plaintiff's points relied on, but he incorrectly states that the trial court erred by committing an abuse of discretion in granting the summary judgment motion.

The argument section also fails to comply in almost any respect with Rule 84.04. Although Plaintiff states the legal reasons for his claims of reversible error, the points relied on do not state clearly why, in the context of this case, the legal reasons support his claims of error. Additionally, Plaintiff fails to properly argue his points relied on in that he cites only minimal authority in his entire seven points relied on.[8] Plaintiff's argument under each point fails to cite appropriate legal authority, and he does not explain his failure to do so. Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for review. Patterson v. Waterman, 96 S.W.3d 177, 179 (Mo. App. 2003). Thus, because Plaintiff's brief does not conform to the rules of appellate procedure, none of his arguments are properly preserved for appeal. Appeal dismissed.

PER CURIAM.

---

[8] Plaintiff's jurisdictional statement contains numerous citations to case law and other legal authority, but his argument does not. In his argument, he relies on only one federal case and a few Missouri rules.