UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHARLES LEE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV0079-CDP |
| | ) | |
| CITY OF KIRKWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR RULE 11 SANCTIONS**

## I. INTRODUCTION

Plaintiff Charles Lee Thornton ("Plaintiff") regularly attends the Kirkwood City Council meetings and is a chronic antagonist with the Kirkwood City Council. On January 18, 2007, Plaintiff, acting pro se, filed a Petition against the City of Kirkwood ("Kirkwood" or "Defendant") seeking a Temporary Restraining Order and a Preliminary and Permanent Injunction based upon an alleged violation of First Amendment rights arising out of two specific incidents. On that same day, this Court held a hearing and denied Plaintiff's request for a Temporary Restraining Order.

On March 15, 2007, Plaintiff filed a Motion for Leave to Amend Complaint, Memorandum in Support, and Amended Complaint seeking to, among other things, add various defendants who took no action relevant to the allegations set forth in the Complaint or Amended Complaint, including the undersigned, John M. Hessel, the undersigned's law firm, Lewis, Rice & Fingersh, L.C. ("Lewis Rice"), members of Kirkwood City Council, and Kirkwood's Mayor, Chief Administrative Officer, Chief of Police and Director of Public Works. Plaintiff

Thornton v. City of Kirkwood    Doc. 26

Dockets.Justia.com

also sought to add an additional "Count" to the Complaint in which he asserted an unrecognized and frivolous "claim" against Defendant Kirkwood and all of the proposed new defendants for "Failure to Settle with Plaintiff." This claim apparently related to certain municipal ordinance charges that "commence[d] May 17, 2001." (Amended Complaint ¶¶ 2, 8; Plaintiff's Memorandum in Support of his Motion for Leave ("Plaintiff's Memo.") at p. 1).

Plaintiff represented to the Court that the names of the additional parties were just "mistakenly overlooked, causing ET. AL. to be removed on the original filing . . ." (Plaintiff's Memo. at p. 1). However, in the Rule 16 "meet and confer" conference, Plaintiff admitted that this was not simply a typographical error. Instead, he threatened to add some of these parties as defendants if Kirkwood refused to provide him $15,000,000.00, and that this amount would increase if Kirkwood took certain actions, such as filing pleadings or refusing to hire alternative legal counsel. (Declaration of Jami L. Boyles, dated March 26, 2007 ("Boyles Decl."), attached to Plaintiff's Motion, filed herewith and incorporated herein, as Exhibit A, at ¶¶ 14-19). Moreover, he admitted that his lawsuit also related to municipal charges from 2001 and 2002, even though Plaintiff had already unsuccessfully pursued a claim related to those charges in St. Louis County Circuit Court. (Id. at ¶ 14).

Plaintiff was warned that Defendant believed much of his conduct and all of the pleadings constituted an abuse of process, and Defendant informed Plaintiff that if he pursued such a course of action that Defendant would ask this Court to find his conduct to be in violation of Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). Plaintiff was also sent a letter dated March 26, 2007, in which he was served a copy of the draft Motion for Rule 11 Sanctions and draft Memorandum in Support with a request that he withdraw the offensive pleadings. (A

2

pleadings. (A copy of the March 26, 2007 correspondence to Plaintiff, is attached to Defendant's Motion, filed herewith and incorporated herein, as Ex. B).

This Court held a hearing on March 30, 2007 and Plaintiff was afforded the opportunity to explain the factual and legal basis for his Motion and Amended Complaint. He could not provide any evidentiary support for his allegations or any information to suggest that the legal contentions were warranted by existing law. Upon request of this Court, Plaintiff refused to withdraw his pleadings, and then woefully tried to explain his claims. This Court then denied Plaintiff's Motion by finding his claims lacked merit, were frivolous and would be subject to immediate dismissal. The Court allowed Plaintiff to proceed only against Defendant, and only as to the claim originally pled in his Complaint.

Since this Court denied Plaintiff's original Motion for Leave to Amend Complaint, Plaintiff has filed another, very similar Motion for Joinder and to Amend Complaint, seeking a substantially similar amendment. Defendant has, separately, filed a Memorandum in Opposition to Plaintiff's Motion. While that second motion is not technically before the Court now, it cannot be ignored, as it is further evidence of Plaintiff's abuse of the judicial system and bad faith.

This Court should sanction Plaintiff under Rule 11 because the pleadings at issue were filed in bad faith, to harass Kirkwood, to cause unnecessary delay, and to increase the costs of litigation. Plaintiff's legal contentions were not warranted by existing law and are frivolous. His factual allegations lacked any evidentiary support, and some of these allegations were beyond misleading. They were simply untrue.

## II. ARGUMENT

Under Rule 11, every pleading signed by an attorney or by a party not represented by an attorney is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstance, that:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. PRO. 11.

The imposition of Rule 11 sanctions rests squarely within the sound discretion of the district court. See Jones v. UPS, Inc., Case No. 03-0284-CV-W-GAF, 2005 U.S. Dist. LEXIS 33553, ** 13-14 (W.D. Mo. July 19, 2005). Sanctions shall be limited to what is sufficient to deter repetition of such conduct, or comparable conduct by others similarly situated. Davis v. MCI Comm., Svs., 421 F. Supp. 2d 1178, 1187 (E.D. Mo. 2006), citing FED. R. CIV. P. 11(c)(2). A court may assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Davis, 421 F. Supp. 2d at 1187 (internal citations and quotations omitted); see also Crockett v. Whisenhunt, 127 F.3d 678, 685 (8th Cir. 1997) (court upheld district court's imposition of a $5,000.00 fine plus attorneys' fees incurred in the defense of frivolous lawsuit).

Here, Plaintiff's conduct should be sanctioned for the reasons set forth below.

A.  **Plaintiff's pleadings contained legal contentions that were not warranted by existing law and were frivolous.**

A court has discretion to issue Rule 11 sanctions by considering whether a party is objectively reasonable in bringing a lawsuit. DePugh v. Clemens, 966 F. Supp. 898, 904 (W.D. Mo. 1997) (involving *pro se* plaintiff). "A reasonable inquiry into the facts includes consideration of: the available time of the signer to investigate, the extent of the attorney's reliance on the client, and any requirement of discovery." Id. "Furthermore, a court should consider the attorney's available time, the plausibility of the legal argument, the party's *pro se* status and the complexity of the issues in determining whether the party made a reasonable inquiry as to the law." Id. "The purpose of Rule 11 sanctions is to impede misconduct . . ." Id.

> 1.  *Plaintiff was aware that there is no cause of action for "failure to settle," and even if there was, that Plaintiff's claims are barred by the doctrine of collateral estoppel and res judicata; Plaintiff should be sanctioned for bringing these frivolous claims because he knew they had no merit.*

There is no cause of action for "failure to settle."[1] There is no legal requirement that a defendant settle with a plaintiff in any legal proceeding, and no penalty for failing to do so. It is even more ridiculous to claim that an unnamed individual (such as those parties Plaintiff sought to add as defendants to this lawsuit) would be required to settle when there is not even a lawsuit pending against them. In the hearing on this motion, Plaintiff admitted this was exactly what he was trying to do. Under these circumstances, Plaintiff should be sanctioned. See Davis, 421 F.Supp. 2d at 1183-1188 (awarding sanctions where attorney filed frivolous complaint).

---

[1] To the extent Plaintiff believed Kirkwood (or any of the other party Plaintiff sought to add as Defendants) should have offered him some sort of plea agreement on the underlying 2001 and 2002 charges (or those charges he received in May and June 2006), "[a] defendant has no constitutional right to a plea bargain." State v. Price, 787 S.W.2d 296, 299 (Mo. Ct. App. 1990). The prosecutor "may refuse to bargain altogether, or cut off negotiations at any time." Coleman v. Risley, 839 F.2d 434, 450 (9th Cir. 1988) (denying § 1983 claims of plaintiff, a black male, who alleged that prosecutor refused to offer him a plea negotiation, but did bargain with his co-conspirator, a white male) (reconsidered on different grounds).

Moreover, even if there were such a cause of action, Plaintiff's proposed claim was barred by the doctrine of collateral estoppel and *res judicata* because it arose out of charges against Plaintiff from 2001 and 2002, and Plaintiff already unsuccessfully pursued a civil lawsuit relating to those charges. See DePugh v. Clemons, 966 F. Supp. 898 (W.D. Mo. 1997). Collateral estoppel bars an action where: (1) an identical issue existed in prior litigation; (2) which ended in a judgment on the merits; (3) involving the same party; and (4) the issue was fully and fairly litigated and necessary to the judgment. DePugh, 966 F. Supp. at 904. Similarly, upon a final judgment on the merits, *res judicata* bars a party from relitigating a claim in a second suit which was, or could have been, raised in the first suit. Id.

In DePugh, a *pro se* plaintiff's complaint was not only dismissed, but he was sanctioned, for pursing claims that he knew were barred by doctrine of collateral estoppel and *res judicata*. 966 F. Supp. at 904. The Court awarded sanctions for plaintiff's "malicious and frivolous" lawsuit because the plaintiff had filed numerous lawsuits against the defendant, continuing to allege the same factual matters despite a prior court's earlier rulings. Id.

In Plaintiff's Amended Complaint, he noted that his "Failure to Settle with Plaintiff" claims arise out of activities that "commence[d] May 17, 2001." (Amended Complaint at ¶ 8). Moreover, in his "presentation" at the Rule 16 Conference, Plaintiff mentioned that he was seeking some sort of expungement for these charges, and that the Court should review those charges. (Ex. A, Boyles Decl. at ¶ 14). Plaintiff has already been found guilty of most of the charges brought against him. Plaintiff also filed a civil lawsuit pertaining to those charges and convictions in which he was found not guilty and the civil lawsuit was dismissed on summary judgment. (A copy of Plaintiff's Petition in Thornton v. Kirkwood, Cause No. 03CC-00392, is attached to Defendant's Motion, filed herewith and incorporated herein, as Exhibit C; A copy of

the Judgment and Order in Thornton v. Kirkwood, Cause No. 03CC-00392, is attached to Defendant's Motion, filed herewith and incorporated herein, as Ex. D). That Judgment was affirmed on appeal. (A copy of the Judgment and Order in Thornton v. Kirkwood, Case No. ED 84580, (Mo. App. E.D. April 26, 2005), is attached to Defendant's Motion, filed herewith and incorporated herein, as Ex. E). Plaintiff acknowledged these facts during the hearing held on March 30, 2007. Plaintiff knew or should have known that he was barred from re-litigating these matters any further, and should be sanctioned, like the plaintiff in DePugh. See DePugh, 966 F. Supp. at 904. Again, it is particularly telling that Plaintiff has filed a second Motion for Joinder of Parties and Amend Complaint because it indicates that he will not stop engaging in harassment unless he is truly sanctioned. If Plaintiff were a licensed member of this bar, this Court would not tolerate this conduct.

    2. *There is no cause of action against the parties Plaintiff sought (and, again, seeks) to add as Defendants.*

Likewise, to the extent Plaintiff sought to add parties as defendants relating to his claim of "content based discrimination," he offered no factual support (and there is no evidence) that any of these parties acted in a way to deprive him of his constitutional rights. Moreover, there were no circumstances under which these parties could be liable, under the allegations set forth in the Complaint or Amended Complaint (or even, now, in his *second* attempt to amend the Complaint, as set forth in Defendants' Opposition to that Motion). The parties that Plaintiff sought to add as defendants not only took no action to Plaintiff's detriment, but lacked any power or authority to do so. Under Kirkwood's Charter, the Mayor is the only person with authority to oversee the Council meetings. (Ex. A, Boyles Decl. at ¶ 21, Ex. 1 thereto). Plaintiff was fully aware that he has no support for these claims, and under these circumstances, Plaintiff

should be sanctioned. See Davis, 421 F.Supp. 2d at 1183-1188 (awarding sanctions where attorney filed frivolous complaint).

Plaintiff failed to allege any facts indicating that any individual defendant was directly involved in the alleged violations. Section 1983 requires that Plaintiff plead a causal link to, and direct responsibility for, deprivation of rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Jefferson v. Sokoloff, No. 1:06CV171 LMB, 2007 U.S. Dist. LEXIS 4135, * 5-6 (E.D. Mo. 2007). Plaintiff must set forth facts indicating that each individual defendant was directly involved in, or personally responsible for, the alleged violations of his constitutional rights. Id. Where a plaintiff fails to do so, as Plaintiff did here, his or her complaint is "legally frivolous." Id.

Moreover, even if Plaintiff were to allege that these individuals took some affirmative act during the relevant Council Meetings (which they did not), they would be protected by the doctrine of qualified immunity. Siegert v. Gilley, 500 U.S. 226, 231-32 (1994); Manzano v. South Dakota Dept. of Soc. Servs., 60 F.3d 505, 509 (8th Cir. 1995). Government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights, of which a reasonable person would have known. Id. "Where a plaintiff fails to allege sufficient allegations to withstand the qualified immunity defense, it is proper to grant a motion to dismiss." Bettio v. Northfield, 775 F. Supp. 1545, 1551 (D. Ohio 1991) (internal citations omitted).

Again, Plaintiff has made a second attempt to name these same parties in his Motion for Joinder of Parties and Amend Complaint, filed with this Court on April 9, 2007. As set forth more fully in Defendant's Opposition to Plaintiff's Motion for Joinder of Parties and Amend Complaint, there is, once again, no basis for Plaintiff's request.

B.  **Plaintiff's pleadings contained factual contentions that have no evidentiary support and that are not likely to have evidentiary support even after a reasonable opportunity for further investigation or discovery.**

In addition to the above-referenced allegations, Plaintiff alleged that all of the parties he sought to add as defendants interrupted Plaintiff and forced him to stop speaking at the May 18 and June 15, 2006 council meetings, and later "joined or instigated the furtherance of damage in not settling with Plaintiff." (Amended Complaint at ¶¶ 5, 8). Plaintiff simply offered no factual support to justify this claim. Under these circumstances, Plaintiff should be sanctioned. FED. R. CIV. P. 11(b)(3). See also Jefferson v. Sokoloff, No. 1:06CV171 LMB, 2007 U.S. Dist. LEXIS 4135, * 5-6 (E.D. Mo. 2007) (a plaintiff must set forth facts indicating that each individual defendant was directly involved in, or personally responsible, for the alleged violations).

C.  **Plaintiff's Memorandum in Support contained factual contentions that are untrue and are not based on a reasonable belief.**

Plaintiff represented that the names of the parties that he intended to add as defendants were just "mistakenly overlooked, causing ET. AL. to be removed on the original filing . . ." (Plaintiff's Memo. at p. 1). However, in the Rule 16 "meet and confer" conference, Plaintiff admitted that this is not simply a typographical error. (Ex. A, Boyles Decl. at ¶¶ 15-19). Instead, he explained that he would add some of these parties as defendants if Kirkwood refused to provide him $15, 000,000.00, and that this amount would increase if Kirkwood took certain actions in defending itself, such as filing pleadings or refusing to hire alternative legal counsel. (Id.). It is particularly difficult to believe that this was simply a typographical error because Plaintiff did not mention any missing defendants or unnamed parties at the hearing on his Motion for Temporary Restraining Order. It is simply implausible to believe that Plaintiff simply accidentally removed "ET. AL." from the original Complaint and then did not realize a summons

was not issued to twelve other parties. Further, his explanation to this Court on March 30, 2007, that an unnamed legal clerk made this mistake is even more implausible.

Although this may seem somewhat insignificant, this is exactly the type of misrepresentation and false allegation that Defendant has had to deal with in defending various lawsuits filed by Plaintiff. If this Court simply overlooks Plaintiff's lie in this situation, Plaintiff will be encouraged to file these types of pleadings in the future. In fact, as noted herein, Plaintiff has already taken such action. He has shown he will not stop unless there is a penalty for his actions. Under these circumstances, sanctions are warranted.

**D.  Plaintiff's pleadings were presented to the Court in bad faith, to harass Defendant, to cause unnecessary delay and to increase the costs of litigation.**

Plaintiff sought to add certain parties because Kirkwood would not pay him $15,000,000.00 and because Kirkwood would not fire Lewis Rice or otherwise stop defending itself. (Ex. A, Boyles Decl. at ¶¶ 15-19). Plaintiff's continued harassment of the City is not only time consuming, it is expensive and draining. Although not contained in a written pleading, Plaintiff's dilatory tactics and childish behavior in the Rule 16 "meet and confer" conference, as outlined in the attached declaration and as set forth in Defendant's previously filed Memorandum in Opposition to Plaintiff's Motion to Amend, further illustrate the great lengths Plaintiff will go to harass Kirkwood and increase Kirkwood's expenses.[2] Under these circumstances, this Court should sanction Plaintiff and send a message to *pro se* litigants, as the Western District of Missouri did in DePugh. This Court is not a playground to harass an enemy,

---

[2] In addition, as noted in Defendant's Memorandum in Opposition to Plaintiff's second similar motion, Plaintiff has also appeared outside the law office of Lewis, Rice & Fingersh and at Kirkwood City Counsel meetings carrying a placard calling John Hessel of Lewis, Rice & Fingersh a "liar."

but a tribunal in which parties with valid legal claims (or claims they genuinely believe may be valid) may seek recourse.

## III. CONCLUSION

For all the foregoing reasons, Defendant City of Kirkwood respectfully requests that this Court grant its Motion for Rule 11 Sanctions against Plaintiff, assess a fine against Plaintiff, award Defendant its cost incurred in defending against these pleadings (which are set forth in Exhibit F to the Motion filed herewith and incorporated herein), and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     /s/ John M. Hessel
    John M. Hessel, #3390
    Jami L. Boyles, #19903
    500 N. Broadway, Suite 2000
    St. Louis, MO 63102-2147
    (314) 444-7600 (Telephone)
    (314) 241-6420 (Facsimile)

Attorneys for Defendant City of Kirkwood

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 26th day of March, 2007.

    /s/ John M. Hessel