UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHARLES LEE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV0079-CDP |
| | ) | |
| CITY OF KIRKWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S APRIL 26, 2007 "MOTION
FOR JOINDER OF PARTIES AND AMEND COMPLAINT"**

I.     **INTRODUCTION**

Plaintiff Charles Thornton ("Plaintiff") continues to abuse the judicial process by filing frivolous motions that are unsupported by any factual allegations or legal authority. On April 26, 2007, Plaintiff filed another "Motion for Joinder of Parties and Amend Complaint" ("April 26 Motion") [1] asking this Court, *for the third time*, to allow him to expand his lawsuit to name several additional parties and to assert frivolous, baseless claims. Plaintiff, *for the second time*, seeks to add a claim for punitive damages, which, as discussed below, is prohibited as a matter of law.

As this Court is well aware, Plaintiff filed a Complaint seeking a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against Defendant, City of Kirkwood ("Kirkwood" or "Defendant"). This Court denied Plaintiff's request for injunctive relief following a hearing. On March 15, 2007, Plaintiff filed a Motion for Leave to Amend Complaint

---
[1] Plaintiff filed this pleading, along with both a Memorandum in Support and an "Amended to Petition for Permanent Injunction and Violation to Constitutional Rights and Privileges."

("March 15 Motion") seeking to add a number of persons associated with Defendant. He also attempted to assert a claim for "Failure to Settle with Plaintiff" and sought monetary relief, including punitive damages. During a March 30, 2007 hearing, this Court denied Plaintiff's March 15 Motion because Plaintiff could not supply any factual or legal support for his alleged claims. Yet, on April 9, 2007, Plaintiff filed a second "Motion for Joinder of Parties and Amend Complaint" ("April 9 Motion").[2] On April 16, 2007, Defendant filed a Memorandum in Opposition to Plaintiff's April 9 Motion ("Opposition to the April 9 Motion"). Plaintiff then filed this pleading even though this Court has not yet ruled on his almost identical April 9 Motion, and even though this Court already denied his very similar March 15 Motion. In fact, Defendant filed a Motion for Rule 11 Sanctions regarding Plaintiff's March 15 Motion because of its patently frivolous nature. This Court has not yet ruled on Defendant's Motion for Sanctions.

In Defendant's Opposition to the April 9 Motion, Defendant again pointed out that Plaintiff can not state a cause of action against these individuals and seeks to add frivolous claims for the purpose of harassment. As such, to the extent the April 9 and April 26 Motions overlap, Defendant incorporates by reference herein its Opposition to the April 9 Motion and addresses, herein, only the new "matters" contained in the April 26 Motion.

---

[2] With the April 9, 2007 pleading, Plaintiff also filed a Memorandum in Support and an "Amended Petition for Permanent Injunction."

Plaintiff's pleadings are becoming increasingly unintelligible and nonsensical.[3] It is believed that the April 26 pleadings are different than the April 9 pleadings in that Plaintiff now seeks to: (1) add claims under 42 U.S.C. §§ 2000 and 1985(3) (when Plaintiff's original Complaint sought relief exclusively under 42 U.S.C. § 1983); and (2) add claims for punitive damages (when the April 9 pleadings and the current Complaint seek only injunctive relief). It also appears that Plaintiff is under the misguided belief that he can avoid his obligations under Rule 26(a)(1) of the Federal Rules of Civil Procedure by filing a frivolous Amended Complaint.[4]

Plaintiff can not state a cause of action under 42 U.S.C. §§ 2000 or 1985(3). Further, a municipality is immune from claims for punitive damages, and Plaintiff has failed to adequately state a claim against the individuals that Plaintiff seeks to add to this litigation. As such, for all of the reasons set forth in Defendant's Opposition to the April 9 Motion (incorporated by reference herein) and for the reasons set forth herein, Plaintiff's April 26 Motion should be denied, and Defendant renews its request for sanctions against Plaintiff.

## ARGUMENT

Defendant will not repeat the legal arguments set forth in Defendant's Opposition to the April 9 Motion, and fully incorporates the Argument set forth therein by reference. In so doing, Defendants asks this Court to once again deny Plaintiff's April 26 Motion because it was filed in bad faith and the proposed pleading would be futile. It is simply designed to harass certain

---

[3] Plaintiff's continued harassment in filing these pleadings and making them almost impossible to read is of great concern to Defendant, who must expend time and expense in trying to decipher the language and file responses to the frivolous claims. Again, Defendant believes Plaintiff will continue to abuse the court system unless this Court takes action, and Defendant urges this Court to enter sanctions against Plaintiff, as requested in Defendant's Motion for Sanctions.

[4] Defendant filed a Motion to Compel Plaintiff's production of Initial Disclosures (which still have not been served by Plaintiff), and Defendant's Motion is pending before the Court.

3

individuals and Defendant. Plaintiff's allegations are without any factual support, and the legal contentions are not supported by any law. Therefore, this Court may again properly deny Plaintiff's Motion. The standard in determining whether an amended pleading would be futile is the same as the standard for a motion to dismiss. "A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Such motions "can serve a useful purpose in disposing of legal issues with a minimum of time and expense to the interested parties." Hiland Dairy, Inc. v. Kroger Co., 402 F. 2d 968, 973 (8th Cir. 1968).

In addition to points and authorities set forth in Defendant's Opposition to the April 9 Motion, Defendant sets forth the following arguments:

A.  **Plaintiff cannot state a cause of action under Title VII.**

Plaintiff has not exhausted his administrative remedies by filing a Charge of Discrimination with the EEOC, and his attempted claims under 42 U.S.C. § 2000, or Title VII, are subject to immediate dismissal. See Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996); Whitehead v. Janitron Maint. Mgmt. Serv., Inc., No. 4:07CV00049AGF, 2007 U.S. Dist. LEXIS 31185 (E.D. Mo. April 27, 2007); Edwards v. Winco Mfg. Co., Inc., 5 F.Supp.2d 743 (E.D. Mo. 1998). As such, Plaintiff's claims are frivolous and lack any legal merit, and this Court should, accordingly, deny Plaintiff's Motion.

B.  **Plaintiff states no cause of action for civil conspiracy under 42 U.S.C. § 1985(3).**

Plaintiff's original Complaint (the current Complaint) sought injunctive relief against only one defendant, under 42 U.S.C. § 1983, based on two specific instances allegedly occurring at May 18 and June 15, 2006 Kirkwood City Council Meetings. This Court has already denied

4

Plaintiff's request to add the individuals Plaintiff once again seeks to add as defendants (and Defendant's Opposition to the April 9 Motion further addresses that issue).

To state a claim for civil conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege a conspiracy and agreement between two or more people and an act in furtherance of that conspiracy (among other elements to the claim). See Federer v. Gephardt, 363 F.3d 754, 757-58 (8th Cir. 2004) (granting defendant's motion to dismiss claim under 42 U.S.C. § 1985); see also Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996). Mere speculation regarding a conspiracy is insufficient. See Johnson v. City of Shorewood, 360 F.3d 810, 817-18 (8th Cir. 2004). Plaintiff must allege with particularity that the defendants reached an agreement. See Rouse v. Benson, 193 F.3d 936, 943, *citing* City of Omaha Employees Betterment Ass'n v. Omaha, 883 F.2d 650, 652 (8th Cir. 1989).

This Court denied Plaintiff's previous attempt to assert such a claim because Plaintiff has not pled (nor can he) that there has been any type of agreement or conspiracy between two or more people. Plaintiff has never even attempted to set forth these allegations in his Amended Complaint, and this Court has already determined that there is, and can be, only one named defendant as to Plaintiff's claims arising out of the May 18 and June 15, 2006 Council Meetings. Again, Plaintiff's claim lacks any factual or legal basis, and his Motion should be denied.

C. **Plaintiff's Claim for Punitive Damages Fail.**

Generally, one cannot recover punitive damages in Missouri against a municipality, no matter what the cause of action. See Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 574 (E.D. Mo. 1997). Further, this Court has held that "it is well established that municipalities are not liable for punitive damages in actions under 42 U.S.C. § 1983." Id. at 575, citing City of Newport v. Fact Concert, Inc., 453 U.S. 247, 271 (1981); see also Colby v. Sarpy Co., No.

8:04CV52, 2006 WL 519396 (D. Neb. March 1, 2006); Van de Mark v. Lancaster Co. Dept. of Corrections, No. 4:05CV3100, 2006 WL 3750447 (D. Neb. December 18, 2006); Radloff v. City of Oelwein, 284 F.Supp.2d 1145 (N.D. Iowa 2003); Okeson v. Tolley School Dist. No. 25, 570 F.Supp. 408 (D. N.D. 1983). As such, Plaintiff cannot recover punitive damages against Defendant and any attempt to amend the pleading would be futile.

Moreover, again, to the extent Plaintiff seeks to add a claim for punitive damages against the individual defendants, this Court has already determined that Plaintiff has stated (and can state) no cause of action against these individuals for the claims arising out of the May 18 and June 15, 2006 Council meetings. As such, Plaintiff cannot seek punitive damages against a non-party.

## CONCLUSION

For all of the reasons set forth in Defendant's Opposition to the April 9 Motion (incorporated by reference herein) and for the reasons set forth herein, Defendant respectfully requests that this Court deny Plaintiff's April 26, 2007 "Motion for Joinder of Parties and Amend Complaint," and order Plaintiff to pay its costs in responding to this frivolous Motion, or, alternatively, grant Defendant some other relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     /s/ John M. Hessel
John M. Hessel, #3390
Jami L. Boyles, #19903
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147
(314) 444-7600 (Telephone)
(314) 241-6420 (Facsimile)

Attorneys for Defendant City of Kirkwood

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and accurate copy of the foregoing document was served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 4th day of May, 2007.

                                                  /s/ John M. Hessel