UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARLES LEE THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV0079-CDP |
| | ) |
| CITY OF KIRKWOOD, | ) |
| | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**

Plaintiff Charles Thornton continues to violate Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and abuse the judicial system by filing frivolous motions and pleadings. Plaintiff's Memorandum in Opposition to Defendant's Motion for Rule 11 Sanctions is another example of a document that is littered with misstatements and mischaracterizations, and which fails to respond to the issues. Plaintiff's reckless conduct is typified by his brazen representation that he "believes if Court allows case to go to completion by denying Defendants request, Plaintiff may be killed." (Plaintiff's Memo. in Opp. at p. 5). There is absolutely no basis for this outrageous statement and it is indicative of Plaintiff's approach to the judicial process. He, obviously, believes that he can make such unsubstantiated accusations without any repercussion because no one has threatened Plaintiff with any physical harm, and there is absolutely no basis or evidence to support such a ridiculous accusation.[1]

For the reasons set forth below and for those reasons contained in Defendant's Motion and Memorandum in support, Defendant urges this Court to sanction Plaintiff.

---

[1] To the contrary, Plaintiff was found guilty of assaulting one of the individuals that Plaintiff continually harasses by seeking (repeatedly) to name him as a defendant in this case. (See October 16, 2001 Judgment of Judge Stephen Smith, Kirkwood Municipal Court; May 13, 2002 Judgment of Judge Barbara Crancer, St. Louis County Circuit Court).

A.  **<u>Plaintiff's conduct since the filing of the Rule 11 Motion justifies sanctions.</u>**

As this Court is fully aware, Plaintiff instituted this litigation under the guise that he was being precluded from speaking at City Council meetings. He initially told this Court, "I would like for this Court to allow me to speak at the City Council meetings." (See Transcript of January 18, 2007 ("Jan. Tr."), p. 2, l. 9-10, excerpts of which are attached hereto as Group Exhibit A). This Court denied his request because "you have not shown either that you're likely to succeed on the merits or that you are threatened with irreparable harm…" (Jan. Tr., p. 28, l. 20-22). Then, on March 15, 2007, Plaintiff filed a Motion for Leave to Amend Complaint ("March 15 Motion") seeking, among other things: (1) to add as defendants a number of persons associated with Kirkwood (but who took no actions relevant to Plaintiff's Complaint) claiming that "ET AL" was mistakenly removed from his pleadings *by this Court's clerk* (See Transcript of the March 30, 2007 ("March Tr.") at p. 4, l. 25 and p. 5, l. 7, , excerpts of which are attached hereto as Group Exhibit B); and (2) to assert a frivolous claim of "failure to settle with Plaintiff." This Motion arises out of that pleading.

During a March 30, 2007 hearing on Plaintiff's March 15 Motion, Plaintiff refused to withdraw his pleading, and this Court granted Plaintiff numerous opportunities to explain his new claims and how these claims related to the parties that he was seeking to add. His explanations were nonsensical, resulting in this Court's comment: "Explain that. I have no idea what you just said or what you meant." (March Tr., p. 7, l. 23-24). This Court also explicitly warned Plaintiff against filing frivolous pleadings.

However, despite this direct warning, Plaintiff's tactics did not stop with the March 15 Motion. On April 9, 2007, Plaintiff filed a second "Motion for Joinder of Parties and Amend Complaint" ("April 9 Motion"), and before this Court could rule on Plaintiff's April 9 Motion,

Plaintiff filed yet another "Motion for Joinder of Parties and Amend Complaint", on April 26, 2007, ("April 26 Motion") asking this Court, *for the third time*, to allow Plaintiff to expand his lawsuit to name these same additional parties and to assert more frivolous, baseless claims.[2] Defendant has been forced to respond to these pleadings and to conduct the legal research that Plaintiff failed to do before submitting these pleadings to this Court.[3] As set forth in Defendant's oppositions to these Motions, all of these pleadings are frivolous because they lack any legal or evidentiary support.

B. **Plaintiff's Opposition does not address the merits of Defendant's claims and is further evidence that Plaintiff should be sanctioned.**

In his Opposition, Plaintiff fails to address the merits of Defendant's Motion for Rule 11 Sanctions. Plaintiff apparently admits that his pleading contained frivolous legal contentions, in that he does not even attempt to argue that "Failure to Settle" is a viable claim or that he made any attempt to research the alleged claim. Rather, he states "When talking about Failure to Settle, Plaintiff was unprepared to forward on the issue under the Title - Failure to Settle. At no time was Failure to Settle a claim, just a title to remind the Defendant of its opportunity to end this matter...". (Plaintiffs Memorandum in Opposition, p. 1) These words, however, are contradicted by the statements he made to the Court on March 30, 2007, in which he stated: "The new complaint is the issue with the City of Kirkwood, which I have proven as far as document fraud in speaking with them at the City Council meeting, one attempt of them denying me to speak, because I believe they are tired of hearing me speak the truth of documentation, and

---

[2] During the hearing on March 30, 2007, this Court asked Defendant's counsel whether he believed that the case was "ripe for summary judgment now" and Defendant's counsel responded affirmatively. (March Tr., p. 13, l. 21 through p. 14, l. 6). However, Plaintiffs pending Motions make it impossible for Defendant to file a Motion for Summary Judgment.

[3] Further, Plaintiff has yet to serve his Initial Disclosures, in direct conflict with this Court's Case Management Order, as noted in Defendant's pending Motion to Compel.

3

with the filing of the other court issues, and denying to settle with me, or with relationship to their issues of the City of Kirkwood's actions." (March Tr., p. 6, l. 23 through p. 7, l. 5).

They are also in contrast to Plaintiff's Memorandum in Support of his March 15 Motion, wherein Plaintiff *then* represented that he hoped to add "an additional count of Failure to Settle with Plaintiff . . ." (Plaintiff's Memo. in Supp. at p. 1). Further, when asked for clarification by this Court, at the March 30 hearing, Plaintiff represented that he did seek to add a claim for Failure to Settle and refused to withdraw his Motion: (March Tr. p. 4, l. 19-21; p. 6, l. 20, and p. 7, l. 5). This Court then warned Plaintiff about filing such frivolous claims, as set forth below:

> THE COURT: There is no tort called refusal to settle. There is no -- you can't sue somebody for not settling the case. It simply is not a cause of action so I'm going to deny your Motion for Leave to Amend. I think that it is on its face frivolous legally, and I think it is just improper for a whole bunch of reasons. There is no basis for it whatsoever, in terms of adding these claims . . . .

(March Tr. at p. 8, ll. 11-17).

> When you file claims such as failure to settle, which just doesn't even exist, that makes the Court wonder whether you're really just playing games with us here because nobody has a duty to settle anything with anybody else. There is no tort for failure to settle. That makes me wonder why you're even here, but you have stated a claim, so far, and it's limited to those two incidents of your First Amendment--violations of your First Amendment Rights.

(March Tr. at p. 22, ll. 4-11).

No matter how this Court chooses to look at Plaintiff's representations about the pursuit of his "claims," at least one of these representations must be untrue. His disregard for being honest in pleadings, as is required by Rule 11, is alarming and warrants sanction. FED.R.CIV.P. 11.

Moreover, Plaintiff's admission in his most recent Memo that he was "unprepared to go forward" with his Failure to Settle claim and only filed it to "remind the Defendant of its

4

opportunity to end this matter" is further evidence that he should be sanctioned. See FED.R.CIV.P. 11. This is nothing but a tactic designed to harass the Defendant, in direct violation of Rule 11. This Court is not a tool for Plaintiff's goal of harassment of Kirkwood. Plaintiff has no right to file pleadings simply to threaten Defendant or to remind Defendant that it could settle. Instead, Plaintiff has an obligation to pursue claims only in good faith and for which he has factual and legal support.

Plaintiff apparently also concedes that his pleadings contained unsupported and unsupportable factual contentions, because he does not defend his actions in attempting to add as defendants certain individuals who took no action relevant to his claims. Plaintiff also makes no further mention of the allegedly mistakenly omitted "ET AL," and thereby evidently concedes that his contentions in that regard were untrue.

Plaintiff's Opposition shows his complete disregard for this Court's rules and warnings, in that Plaintiff, once again, appears to attempt to make an appeal to this Court, as though it were a court of appeal. (See Plaintiff's Memorandum in Opposition at pp. 1-2, listing various cause numbers for cases which Plaintiff has instituted against Defendant). He does so even though, at the March 30 hearing, this Court warned Plaintiff against any such efforts, as follows:

> THE COURT: I'm not an appellate court. This is not the court of appeals. The federal court does not rule on whether the state courts or municipal courts did the right thing. There is no jurisdiction to do that. Do you understand? . . .

(March Tr. at p. 8, ll. 2-6).

> THE COURT: . . . you admit that it has been -- the issues going back into the prior time have been litigated in the state courts, and you know, you have remedies in state courts if you think that they did something wrong there, there is appeals and things like that, but this federal court is not a court of appeals, so we're

5

> going to proceed on your original complaint which seeks to recover injunctive relief from the City of Kirkwood to allow you to speak, right? That's what you're asking for in the original complaint?

(March Tr. at p. 8, l. 18 -- p. 9, l. 1).

The fact that Plaintiff is pro se is not a license to disregard this Court's rules and conduct himself contrary to the very minimal level of decorum required by Rule 11. See DePugh v. Clemens, 966 F. Supp. 898, 904 (W.D. Mo. 1997) (a pro se plaintiff was sanctioned for pursing claims that he knew were barred by doctrine of collateral estoppel and res judicata; court found plaintiff's lawsuit "malicious and frivolous" because the plaintiff had filed numerous lawsuits against the defendant, continuing to allege the same factual matters despite a prior court's earlier rulings). Although Plaintiff is pro se, the signature on his pleadings is no less a representation of their accuracy than if Plaintiff were an attorney.

As set forth above, even in his Opposition, Plaintiff refused to address the merits of Defendant's Motion and, instead, continued to blatantly lie (or at least contradict himself) and use the legal system for harassment. For all of the reasons set forth herein and in Defendant's Motion and Memorandum in Support, Defendant urges this Court to sanction Plaintiff and send a message that he cannot conduct himself in this manner.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:     /s/ John M. Hessel
    John M. Hessel, #3390
    Jami L. Boyles, #19903
    500 N. Broadway, Suite 2000
    St. Louis, MO 63102-2147
    (314) 444-7600 (Telephone)
    (314) 241-6420 (Facsimile)

Attorneys for Defendant City of Kirkwood

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 14th day of May, 2007.

    /s/ John M. Hessel