1                IN THE UNITED STATES DISTRICT COURT

2                FOR THE EASTERN DISTRICT OF MISSOURI

3

4
CHARLES LEE THORNTON,
5
          Plaintiff,
6
     vs.                              No. 4:07-CV-79 CDP
7
City of KIRKWOOD,
8
          Defendant.
9
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
10
PRESENT:   The Honorable Catherine D. Perry, Presiding
11
ATTORNEY FOR PLAINTIFF:  Plaintiff appears pro se
12
ATTORNEYS FOR DEFENDANT:  John M. Hessel and Jami L. Boyles
13

14

15

16

17

18                      Rule 16 Conference

19                      March 30, 2007

20

21

22

23                  TERI HANOLD HOPWOOD
                    Registered Merit Reporter
24               Thomas F. Eagleton Courthouse
                    111 South Tenth Street
25               St. Louis, Missouri  63102



1           THE COURT:  Good morning.  We are here in the case
2   of Charles Lee Thornton versus the City of Kirkwood, case
3   number 4:07-CV-79, and Mr. Thornton is here appearing pro se,
4   and representing himself, and the Government -- I mean the
5   defendant is here and it's Mr. Hessel and Ms. Boyles
6   representing the City of Kirkwood.

7           Mr. Thornton, why don't you step up to the lectern and
8   let's go over a couple of things.  One, I'd like to talk about
9   your motion for leave to amend your complaint, and then talk
10  to you about the joint proposed scheduling plan that you
11  submitted, but first I'd like to hear from you, anything you'd
12  like to say in response to the -- you filed your motion to
13  amend, and the defendant filed an opposition to that, and
14  rather than waiting for further briefing, do you wish to make
15  any further statements about your motion to amend and why you
16  think you should be able to do that?

17          MR. THORNTON:  Yes, Your Honor.  I wasn't aware
18  that the defendant had filed their -- I guess their response,
19  but in reference to me filing, the --

20          THE COURT:  Wait a minute.  They filed it on the
21  26th, and I'm sure they mailed it to you.

22          MR. HESSEL:  We did, Your Honor.

23          THE COURT:  At your address 351 Attucks Street.  Do
24  you read your mail?

25          MR. THORNTON:  Yes, Your Honor.

1   motion to amend, and then here is also the memorandum in
2   opposition to your motion to amend.

3               MR. THORNTON:  Correct.

4               THE COURT:  So they did, you did get it all.

5               MR. THORNTON:  I got it all, but I was under the
6   illusion, because it stated that it would not be filed for 21
7   days, that it would not be on record, and therefore, I
8   wouldn't have to respond to it until it was filed, but if
9   you're saying it's filed, I did read it, so I'm aware of it.
10  I had no idea it was filed based on their letter stating that
11  it had not been filed.

12              THE COURT:  There is two different things.  What
13  they filed, the only thing they have actually filed in the
14  court file is a memorandum opposing your motion to amend.  The
15  other thing that they sent you that said they weren't going to
16  file it yet was a proposed Motion for Sanctions, and under the
17  rule, they have to send that to you first to give you a chance
18  to change your mind and withdraw your motion for leave to
19  amend, and so they have given you that chance.  Do you wish to
20  change your mind and withdraw your motion for leave to amend?

21              MR. THORNTON:  No, Your Honor.

22              THE COURT:  Then tell me why you think you should
23  be able to bring all these charges, and add these other
24  defendants at this point.

25              MR. THORNTON:  Well, they were in on my original

1   filing, but the mistake on my part was that it was not

2   written.  Now, I did not remove the "et al" from my

3   documentation, the clerk did, and had I known at that time all

4   I needed to do was add the individual defendants instead of

5   stating the City of Kirkwood, et al, unfortunately I was

6   explained later that the "et al" was like a nicety and allowed

7   instead of writing them all the time, only writing "et al."

8           THE COURT:  But you didn't say anything about them

9   in your complaint.  I've got it right here in front of me, and

10  all it says is you say defendants, plural, City of Kirkwood,

11  and you don't say anything about any other defendants, so even

12  though you've got "et al" in the heading, there is nothing in

13  your complaint that talks about and names all these other

14  people, so how can you say they were in here originally?

15          MR. THORNTON:  Because in my understanding of why I

16  wrote, "the City of Kirkwood, et al," the City of Kirkwood is

17  those individuals, it is the Mayor.  The City of Kirkwood did

18  not stop me, in my opinion, deny me the right to speak.  It

19  was the Mayor and the City Council, and the City itself did

20  not arrest me, the Police Department did, under the authority

21  of the Chief of Police, and then the City Administrator, all

22  of them that were, as far as representing the City of

23  Kirkwood, made that decision, and my mistakenly not writing it

24  on the paper, and the clerk's choice to remove the "et al"

25  before the filing was the mistake.  But my intention, and even

1    on the documentation it states the "et al," which I mistakenly
2    did not write the City of Kirkwood and then individually list
3    all the individuals, along with Attorney Hessel, who in my
4    opinion did conspire to stop me from speaking.

5            THE COURT:  Okay.  Well, your original -- the thing
6    you filed here, we need to know what your case is here that
7    we're talking about, and in the case that you filed, the
8    original complaint, you alleged that on May 18th of 2006, and
9    June 15th of 2006, that you were -- your First Amendment
10   rights were violated because you were not allowed to speak at
11   the meeting.  Are you trying to in your proposed amended
12   complaint -- it's a little hard to figure out what you're
13   saying, but you seem to be saying that -- wanting to go back
14   all the way to 2001, or even farther, I'm not sure, and you
15   want to name a whole bunch of other people, and so it's not
16   just adding parties, you're also aiding claims, correct?

17           MR. THORNTON:  The parties itself would be on the
18   first part, them denying me to speak.  The second part would
19   be adding the claim, yes, Your Honor.

20           THE COURT:  That's not what your amended complaint
21   says.  So what is it -- tell me what the new complaint is that
22   you're trying to bring.

23           MR. THORNTON:  The new complaint is the issue with
24   the City of Kirkwood, which I have proven as far as document
25   fraud in speaking with them at the City Council meeting, one

1   attempt of them denying me to speak, because I believe they
2   are tired of hearing me speak the truth of documentation, and
3   with the filing of the other court issues, and denying to
4   settle with me, or with relationship to their issues of the
5   City of Kirkwood's actions.

6           THE COURT:  Well, what is it you think you're suing
7   for?  What do you think was done wrong to you and what are you
8   trying to get?

9           MR. THORNTON:  Okay.  I believe the first issue
10  with the City of Kirkwood, Mayor, City Council, Attorney
11  Hessel being the City Attorney, and the Chief of Police, I
12  believe I was wronged with them denying my First Amendment
13  right to free speech.

14          THE COURT:  When did this happen?
15          MR. THORNTON:  The two dates --
16          THE COURT:  May 18th and June 16th of 2006?
17          MR. THORNTON:  Those two occasions, correct.
18          THE COURT:  Okay.

19          MR. THORNTON:  And the other count was constantly
20  trying to get them to acknowledge the wrong, and now just
21  filing in the court to try to be heard to correct the wrong
22  that was I believe not corrected in the lower court.

23          THE COURT:  Explain that.  I have no idea what you
24  just said or what that means.

25          MR. THORNTON:  I filed in the lower court, and I

1    was denied, and now I'm filing in the federal.

2              THE COURT:  I'm not an Appellate Court.  This is
3    not the Court of Appeals.  The Federal Court does not rule on
4    whether the state courts or municipal courts did the right
5    thing.  There is no jurisdiction to do that.  Do you
6    understand that?

7              MR. THORNTON:  Yes, I thought I had, I thought my
8    federal question was with the lower court.  Well, I still
9    understand as far as what you're saying you're not an
10   appellate court for them.

11             THE COURT:  There is no tort called refusal to
12   settle.  There is no -- you can't sue somebody for not
13   settling a case.  It simply is not a cause of action, so I'm
14   going to deny your motion for leave to amend.  I think that it
15   is on its face frivolous legally, and I think it is just
16   improper for a whole bunch of reasons. `There is no legal
17   basis for it whatsoever, in terms of adding these claims.

18             You admit that it has been -- the issues going back
19   into the prior time have been litigated in the state courts,
20   and you know, you have remedies in the state courts if you
21   think that they did something wrong there, there is appeals
22   and things like that, but this Federal Court is not a Court of
23   Appeals, so we're going to proceed on your original complaint
24   which seeks to recover injunctive relief from the City of
25   Kirkwood to allow you to speak, right?  That's what you're

1    asking for in the original complaint?

2          MR. THORNTON:  Yes, that's the original complaint.
3    I'm also denied it as far as adding them to the original
4    complaint, the individuals?

5          THE COURT:  You have to make some allegations
6    against the individuals, and you haven't done that.  You have
7    to show that they individually did something in violation of
8    your constitutional rights, and you're saying that it was the
9    whole city who did it, right?

10         MR. THORNTON:  Well, that's where the problem is
11   because I said the City and I did not write the individuals.
12   The City itself didn't.

13         THE COURT:  Tell me what each of these people did
14   to you that you think violates your constitutional rights.

15         MR. THORNTON:  The Mayor and the City Council did
16   discuss banning me from speaking after I was stopped from
17   speaking at the City Council meetings, along with Attorney
18   Hessel, and therefore, that's why they are together as far as
19   under the umbrella of the City of Kirkwood, but the
20   individuals made the statements in reference to banning me
21   from speaking with Attorney Hessel stating that it can be
22   done.

23         THE COURT:  Okay.  Mr. Hessel, let me hear your
24   response on this issue of whether he should be able to join
25   the individuals on the limited claims he has brought in the

1    chambers, literally dragging him out of the Council chambers?
2    The answer to that question is of course yes, and that's
3    because he was engaged in disorderly conduct for which he has
4    been found guilty on two separate occasions.

5         Mike Brown, who is the Chief Administrative Officer,
6    was present at the Council meeting, but he took no action
7    whatsoever.  The members of the City Council outside of Mayor
8    Swoboda took no action whatsoever, didn't say -- well, I take
9    it back.  One Council member did complain about the language
10   that Mr. Thornton was using, but only Mayor Swoboda was the
11   one that stopped him from speaking.

12        As the City Attorney, I took no action whatsoever,
13   other than to represent the City and to advise the City
14   Council as to how they could try to control Mr. Thornton and
15   his behavior at Council meetings.

16        THE COURT:  Let me ask you this, and I'll have
17   Mr. Thornton come up and speak in a minute, but this goes to
18   the issue of scheduling.  Mr. Thornton did file, as he was
19   required to do, a joint proposed scheduling plan, and as it
20   did comply with the rules, and it did set out the differences
21   in agreement that you all had over the discovery schedule, my
22   question to you though is assuming this case remains as the
23   original complaint reads, in your opinion, is this case ripe
24   for summary judgment now?

25        MR. HESSEL:  I would candidly, Judge -- I'm not

1   sure it's ripe for summary judgment because I'm still -- until
2   this morning when you were asking him questions on the record,
3   I was uncertain as to what his actual allegations were.  Now
4   that we have a record as to what his contentions are, rather
5   than me taking a deposition, we have it on the record, I
6   believe it is ripe for summary judgment.

7            THE COURT:  Okay, Mr. Thornton, come on up and
8   let's talk about this.  Your complaint is that on these two
9   occasions, you were not allowed to speak, or they stopped you
10  from speaking.

11           MR. THORNTON:  Yes, Your Honor.

12           THE COURT:  And what Mr. Hessel is saying is that I
13  shouldn't allow you to add other people first because you
14  don't have any allegations against them, and second, because
15  any amendment would be futile because you were actually
16  convicted of disorderly conduct for both of those occasions.
17  Is that correct?

18           MR. THORNTON:  All of it is not correct.  What is
19  correct is your last statement is that I was convicted in the
20  municipality and St. Louis County on the disorderly conduct
21  issue, who did separate me speaking and me refusing to leave,
22  so my being found guilty was based on me refusing to leave,
23  not me being denied to speak.  They separated it.  The same
24  thing that was in the municipality.  The Judge in Kirkwood is
25  not even concerned with what I said, but that I refused to

1   the law and see what you can prove, and I can just tell you
2   that you need to read the law. You need to understand what
3   the cases provide, and what there is a legal remedy for.

4       When you file claims such as failure to settle, which
5   just doesn't even exist, that makes the Court wonder whether
6   you're really just playing games with us here because nobody
7   has a duty to settle anything with anybody else. There is no
8   tort of failure to settle. That makes me wonder why you're
9   even here, but you have stated a claim so far, and it's
10  limited to those two incidents of your First Amendment --
11  violations of your First Amendment rights.

12      There is a lot of law on this. You can go to the
13  library and do research. You can also -- if you need to see
14  the local rules, or the Federal Rules of Civil Procedure, they
15  are available on our court's website, and so you can go to the
16  public library if you don't have access to the internet at
17  home and use their computers to access the website or do any
18  other research you need to do.

19      I will send out a case management order that
20  incorporates these deadlines. I may not have been as specific
21  about all of them as I normally would be, but please read the
22  order and it will tell you what you need to know.

23      MR. HESSEL: Can I impose upon you in order to
24  avoid conflict with Mr. Thornton down the road, one thing you
25  did not address was interrogatories. As you know, I proposed

1   wouldn't necessarily have to rely on people's memories.

2            MR. HESSEL:  My only problem with that is I think

3   they only keep those tapes for six months.  I know that we

4   kept the tapes on May 18th and June 18th.  I don't know if we

5   kept recordings beyond six months.  They recycle them, as you

6   can imagine, so I don't know what's back there in August,

7   July, June.  Obviously, we'll check.

8            THE COURT:  Well, what I would expect is that you

9   would, as part of your initial disclosures, produce any that

10  exist, and then we'll go from there.  So, I don't think you

11  need to respond.  We'll wait and see where we go.  But, yeah,

12  I understand that there may be motions related to discovery,

13  but we'll just take that as it comes.  Court is in recess.

14                (A recess was taken.)

15

16                REPORTER'S CERTIFICATE
         I, TERI HANOLD HOPWOOD, RMR, Official Court Reporter
17   for the United States District Court for the Eastern District
     of Missouri do hereby certify that the foregoing is a true and
18   correct transcript of the proceedings had in this cause as
     same appears from my stenotype notes made personally during
19   the progress of said proceedings.

20                /S/ Teri Hanold Hopwood, RMR
                  TERI HANOLD HOPWOOD, RMR
21                Official Court Reporter

22

23

24

25