RECEIVED
MAY 17 2007
U.S. DISTRICT COURT
EASTERN DISTRICT
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Charles Lee Thornton, Plaintiff,

                                Cause No: 4:07CV79-CDP

Vs.

City of Kirkwood, Defendant.


Plaintiff's Memorandum Reply to Defendants Memorandum In Opposition To Plaintiff's Motion Filed April 26, 2007 and Accompanying Documents.


    Plaintiff states:

If this Honorable Court seeks through Defendant's request that Plaintiff submits all its evidence for Sub Justice under Summary Judgment action, the Court needs only to Order Plaintiff to submit such for Plaintiff's knowledge and Plaintiff will follow the Order now directed.

Plaintiff is Pro Se unprofessional litigator, which has paid filing fees and other cost to pursue redress and or to address illegal acts done him. No attempt to prolong or cause more expense or harassment upon defendant(s) are by Plaintiff. There are emotions from Plaintiff because there are hurts from the illegal acts done to him of which he seeks relief through the action he Petition this Court pursuant to. In short formats Plaintiff see that misunderstandings has occurred, which clearly depicts the right in full as complete and proper opportunity to present the case of issues claimed, for

1

the merit upon the entire body of evidence and then, is the fair hearing your Plaintiff seeks and U.S. Constitution, and U.S. Statute(s) (42 U.S.C. section 2000a-2 as one) requires.

On March 30, 2007 a Rule 16 Conference ordered and notified parties by this Court was had, but a motion hearing was also had, without first being notified that it would occur at the Rule 16 Conference, and so, Plaintiff was unprepared for the motion hearing. A fair hearing of the issues are based upon proper time to prepare and prior to date notification of when the issue will be heard. Plaintiff was not given proper notification and thereby was prejudice as unfair opportunity to prove his complaint prima facie.

On June 16, 2006 Plaintiff claims is date been stopped a second time from speaking. Plaintiff has drop June 16th claim due to no tape of the event to clearly prove what happen that date, but if forced to continue that claim, Plaintiff will rely upon Circumstantial Evidence.

Plaintiff again only seeks fair hearing on the issues claimed, and as to Rule 11, add – 42 USC section 2000a-2, which depicts – any thing done to stop the exercise of any right or privilege secured by section 2000a or 2000a-1 of this title is prohibit.

Pendency of a suit in the Federal Court in which Plaintiff's rights might be adjudicated and protected precluded the circuit court from subsequently

taking jurisdiction of a suit founded upon the same right6. State ex rel. Bowling Green Trust Co. V. Barnett (1912) 149S.W. 311, 245 Mo. 99. When either a state or Federal court takes into its jurisdiction a specific thing, that res is withdrawn from the judicial power of the other. State ex rel. Kern V. Stone (1917) 190 S.W. 601, 269 Mo. 334. This Federal District Court has jurisdiction over these matters.

FRCP Rule 26 (a)(1)(E) wherein, A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Plaintiff again states, Plaintiff has made its disclosures pursuant to Rule 26 as submitted in documents [ Motion For Joinder Of Parties And Amend Complaint, Memorandum In Support Of Plaintiff's Motion For Joinder Of Parties And Amend Complaint; and, Amended To Petition For Permanent Injunction] filed April 9, 2007. Does Defendant know of any other disclosure(s) Plaintiff could have reasonably submit and met the Court ordered limit of April 9. 2007.

For Municipal Liability-see Williams V. Butler, 863 F.2d 1398 (8th Cir. 1988).

WHEREFORE, Plaintiff places this reply memorandum upon this Court in that it will enter and place proper jurisdictional authority upon the matters.

Respectfully submitted,

By /s/ Charles Lee Thornton
Charles Lee Thornton
351 Attucks St.
Kirkwood, Mo. 63122
(314) 486-6471
Date: 5-17-07

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon Jami L. Boyles of Lewis, Rice & Fingersh, L.C., 500 North Broadway. Suite 2000 St. Louis, Missouri 63102 by U.S. Mail, postage prepaid, on this _____ Day of May, 2007.

/s/ Charles Lee Thornton

VERIFICATION

I, Charles Lee Thornton, Plaintiff in the above-entitled action, being first duly sworn, state that I have read and subscribed to the foregoing, and that the facts set forth therein are true and correct.

/s/ Charles Lee Thornton
Charles Lee Thornton

Subscribed and sworn to before me on May 17, 2007

FRANCENE M. MERTENS
Notary Public-Notary Seal
State of Missouri, St Louis County
Commission # 05709874
My Commission Expires May 12, 2009

/s/ Francene M. Mertens
Signature and title