UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARLES LEE THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV0079-CDP |
| ) | |
| CITY OF KIRKWOOD, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant City of Kirkwood ("Defendant" or "Kirkwood") and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Court for summary judgment in its favor on all claims set forth in Plaintiff Charles Lee Thornton's ("Plaintiff" or "Thornton") Complaint in the above-referenced matter. In support of its Motion, Defendant states as follows:

1. Plaintiff filed his Complaint seeking a temporary restraining order and preliminary and permanent injunctive relief against Kirkwood, asking that this Court prohibit Kirkwood from "interrupting, stopping plaintiff from speaking, handcuffing, arresting [sic] In addition, violating other civil rights allowed a citizen of the Untied States of America, during City of Kirkwood meetings." (Complaint at p. 3, ¶ 1 of WHEREFORE clause).

2. Plaintiff's claims arise out of events occurring at the Kirkwood city council meetings held on May 18, 2006 and June 15, 2006. (Id.; SUMF at ¶¶ 1, 10).

3. Kirkwood promulgated certain guidelines or rules of decorum that citizens must follow when speaking at or participating in city council meetings. (SUMF at ¶ 3).

4. Plaintiff frequently attends Kirkwood city council meetings. (SUMF at ¶¶ 2, 59).

Thornton v. City of Kirkwood    Doc. 35

1392996 01

Dockets.Justia.com

5. At the May 18, 2006 meeting, Plaintiff requested to speak during the citizen comment portion of a Public Hearing. (SUMF at ¶ 19).

6. Plaintiff failed to follow Kirkwood's reasonable time, place and manner guidelines and limit his comments to facts pertinent to the Public Hearing. (SUMF at ¶¶ 20-29).

7. Instead, Plaintiff proceeded to make irrelevant and harassing remarks and personal attacks on the Mayor, ignoring the Mayor's requests that he comply with the rules and speak as to the subject matter of the Public Hearing. (SUMF at ¶¶ 20-29).

8. As a result of this behavior, Plaintiff was charged with disorderly conduct and was convicted of the charge in Kirkwood Municipal Court and, was convicted on appeal under Rule 37.01 of the Missouri Supreme Court Rules in St. Louis County Circuit Court. (SUMF at ¶¶ 30-36).

9. At the June 15, 2006 city council meeting, Plaintiff was recognized and allowed to speak during the Public Comment portion of the meeting. (SUMF at ¶¶ 37-38).

10. Plaintiff began his remarks by stating, "Jackass, jackass, jackass …." and continued by making other irrelevant, redundant, abusive and harassing comments. (SUMF at ¶¶ 39-42).

11. The Mayor asked Plaintiff to refrain from using such language. (SUMF at ¶¶ 42, 44).

12. Additionally, council member Connie Karr made an objection to Plaintiff's use of harassing and offensive language. (SUMF at ¶ 45).

13. As a result of this behavior, Plaintiff was informed that he could not speak unless he conducted himself properly. He persisted and refused to take a seat in the audience. He was charged with disorderly conduct and was convicted of the charge in Kirkwood Municipal Court

and, on appeal under Rule 37.01 of the Missouri Supreme Court Rules, he was convicted in the St. Louis County Circuit Court. (SUMF at ¶¶ 39-55).

14. Plaintiff's claims fail because Kirkwood's guidelines and the Mayor's implementation of those guidelines at these two meetings were constitutionally valid reasonable time, place and manner restrictions that are content-neutral. See White v. City of Norwalk, 900 F. 2d 1421 (9th Cir. 1990).

15. In addition, Defendant is entitled to summary judgment because Plaintiff's claims are barred by the doctrine of *res judicata*, as Plaintiff was found guilty of the underlying charges. See In re Laspy, 409 S.W. 2d 725 (Mo. App. W.D. 1966).

16. Further, this case is moot and injunctive relief is improper because Plaintiff continues to attend council meetings and continues to speak at those meetings. See City of Manchester v. Ryan, 180 S.W. 3d 19 (Mo. App. E.D. 2005).

17. A Memorandum in Support of this Motion is filed herewith and incorporated herein.

18. In accordance with Local Rule 7-4.01(E), a separate Statement of Undisputed Material Facts, with attached affidavit and exhibits, is attached to Plaintiff's Memorandum in Support and is filed contemporaneously herewith and incorporated herein.

WHEREFORE, Defendant City of Kirkwood requests that this Court grant its Motion for Summary Judgment and enter an Order dismissing Plaintiff's Complaint with prejudice, and grant such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: October 12, 2007

**LEWIS, RICE & FINGERSH, L.C.**

By:    /s/ John M. Hessel
      John M. Hessel, #3390
      Jami L. Boyles, #19903
      500 N. Broadway, Suite 2000
      St. Louis, MO 63102-2147
      (314) 444-7600 (Telephone)
      (314) 612-7735 (Facsimile)
      E-mail: jhessel@lewisrice.com

Attorneys for Defendant City of Kirkwood

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 12th day of October, 2007.

                                                   /s/ John M. Hessel