UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHARLES LEE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV0079-CDP |
| | ) | |
| CITY OF KIRKWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

COMES NOW Defendant City of Kirkwood ("Defendant" or "Kirkwood"), by and through its undersigned counsel, and pursuant to Local Rule 7-4.01(E), respectfully submits the following Statement of Undisputed Material Facts as an exhibit to its Memorandum in support of its Motion for Summary Judgment, filed contemporaneous herewith:

1. This lawsuit is one of a series of actions involving Plaintiff Charles Lee Thornton ("Plaintiff" or "Thornton") and Kirkwood. (February 23, 2007 Trial Transcript of <u>City of Kirkwood v. Charles Thornton</u>, St. Louis County Circuit Court, Cause Nos. 06CR-4926 and 06CR-4927 ("Trial Transcript") at pp. 17-18, 86-88, excerpts of which are attached hereto as Exhibit A).

2. Plaintiff has been a regular attendee of the Kirkwood city council meetings and regularly speaks at those meetings.[1] (Ex. A, Trial Transcript at pp. 18, 90).

3. Kirkwood promulgated certain guidelines or rules of decorum that citizens must follow when speaking at, or participating in, these meetings. (Ex. A, Trial Transcript at pp. 19-

---

[1] The Kirkwood city council generally holds meetings on the first and third Thursdays of the month at 7:00 p.m. at the Kirkwood City Hall. (Ex. A, Trial Transcript at p. 18, 39).

Thornton v. City of Kirkwood    Doc. 36 Att. 1

Dockets.Justia.com

20 and Exhibit C thereto). A true and accurate copy of those written guidelines/rules of decorum are attached hereto.[2] (Ex. A, Trial Transcript at pp. 19-20 and Exhibit C thereto).

4. These written guidelines are made available to the public as they come into the council chambers at council meetings. (Ex. A, Trial Transcript at pp. 19-20).

5. During council meetings, citizens are allowed to rise and speak during two specified portions of the meeting: the comment period during any Public Hearing, and the Public Comment portion of the city council meetings. (Ex. A, Trial Transcript at pp. 18-19, 40, 48 and Exhibit C thereto).

6. During the comment period of the Public Hearing, citizens may "speak in favor or against the issue" of the Public Hearing or "ask a question" about the subject of the Public Hearing. (Ex. A, Trial Transcript at pp. 18-19, 40, 48, 56, 60 and Exhibit C thereto).

7. During the Public Comment portion of the meeting, citizens are allowed three minutes to speak on any relevant subject and the citizen may ask questions but the council need not respond to the questions. (Ex. A, Trial Transcript at pp. 18-19, 48, 109 and Exhibit C thereto).

8. The guidelines specify that citizens "must be respectful" and are prohibited from using "foul, abusive or inappropriate language, displays or other materials" while speaking during any portion of the meeting. (Ex. A, Trial Transcript at pp. 20-22 and Exhibit C thereto).

9. The guidelines warn that a citizen will not be allowed to continue to speak and will be ordered to leave the podium and take his or her seat if the citizen fails to follow these guidelines. (Ex. A, Trial Transcript at pp. 20-22 and Exhibit C thereto).

---

[2] Although these guidelines have been informally adhered to for more than 20 years, they were promulgated in written form in or about February or March 2006. (Ex. A, Trial Transcript at pp. 19-20).

2

10. On May 18, 2006, the Kirkwood city council held two Public Hearings relating to the expansions of two businesses in Kirkwood, the Bopp Chapel Funeral Home and the St. Agnes Home, a senior living facility in Kirkwood. (Ex. A, Trial Transcript at pp. 24, 39-40).

11. After Bopp Chapel's presentation and during the public comment portion of the first Public Hearing, citizens were offered the opportunity to make comments and/or questions regarding the subject matter of the Public Hearing, i.e. Bopp Chapel and its expansion of a parking lot. (Ex. A, Trial Transcript at pp. 24, 39-40).

12. Plaintiff came forward, requested to speak and was allowed to speak. (Ex. A, Trial Transcript at pp. 24, 39-40, 83-84).

13. Plaintiff admits that his purpose in attending the May 18, 2006 meeting was not to speak regarding the projects that were the subject of the Public Hearings, but "because of the City's constant harassment, bogus tickets, document fraud and perjury, the reason I was at those meetings was to discuss with them on those statements." (Ex. A, Trial Transcript at p. 84).

14. Plaintiff refused to limit his comments to facts pertinent to the subject matter of the Public Hearing (i.e., Bopp Chapel's expansion of the parking lot). (Ex. A, Trial Transcript at pp. 24-26).

15. Instead, Plaintiff displayed a large posterboard of a donkey and proceeded to make irrelevant and harassing remarks and personal attacks on the Mayor and Kirkwood. (Ex. A, Trial Transcript at pp. 24-26, 39-40).

16. The Mayor then asked Plaintiff if he had any specific questions for the applicant. (Ex. A., Trial Transcript at p. 41).

17. Plaintiff then asked the applicant, an individual from Bopp Chapel, if he was planning on using asphalt paving equipment and warned the applicant to be careful because of

the plantation mentality of Kirkwood which could result in his arrest and fine. (Ex. A, Trial Transcript at p. 41, 49).

18. Plaintiff was not denied the opportunity to speak during the first Public Hearing relating to Bopp Chapel because he arguably directed a comment to the asphalt and expansion of Bopp Chapel. (Ex. A, Trial Transcript at pp. 41, 49).

19. During the second Public Hearing relating to the expansion of the St. Agnes Home, Plaintiff again spoke during the comment portion of the Public Hearing. (Ex. A, Trial Transcript at pp. 41-42, 75-76).

20. Plaintiff stated that Kirkwood had a plantation-like mentality, that Kirkwood government is corrupt and that the Council and Mayor have jackass-like qualities. (Ex. A, Trial Transcript at pp. 41-42, 75-76).

21. Plaintiff asked for a "negro version" of the reasonable time, place and manner restrictions in place at the city council meetings. (Ex. A, Trial Transcript at pp. 41, 68).

22. Plaintiff also told the Mayor that he was "sitting there looking stupid." (Ex. A, Trial Transcript at p. 69).

23. Plaintiff was then asked by the Mayor whether he had any specific questions for the applicant, St. Agnes Homes. (Ex. A, Trial Transcript at p. 42, 75-76).

24. Plaintiff ignored the Mayor and continued to repeat his comments about Kirkwood's jackass-like qualities. (Ex. A, Trial Transcript at pp. 42-43, 75-76).

25. The Mayor asked several times whether Plaintiff had any specific questions for the particular applicant. (Ex. A, Trial Transcript at p. 43, 61-62, 69-70, 75-76).

26. Each time the Mayor posed this question to Plaintiff, Plaintiff refused to pose any questions to the applicant and, instead, continued on repeating his opinions of the plantation

mentality and jackasses, without directing any specific questions to the applicant. (Ex. A, Trial Transcript at p. 43, 61-62, 75-76).

27. Plaintiff's behavior was disruptive of the city council meeting. (Ex. A, Trial Transcript at p. 43, 75-76; Declaration of Michael Swoboda ("Swoboda Decl.") at ¶ 8, attached hereto as Exhibit B).

28. Plaintiff was disruptive to the meeting in that he was unduly repetitious, spoke only of irrelevant matters and refused to follow the guidelines. (Id.)

29. The Public Hearings involve matters of concern to other people in the meeting and Plaintiff's activities disrupted and impeded that business. (Ex. A, Trial Transcript at pp. 41-42; Ex. B, Swoboda Decl. at ¶ 8).

30. The Mayor motioned Kirkwood Police Officer Thomas Ballman ("Officer Ballman") to step forward and requested that Plaintiff take a seat. (Ex. A, Trial Transcript at p. 43, 75-76).

31. Officer Ballman approached Plaintiff to request him to leave, but did not arrest Plaintiff at this point. (Ex. A, Trial Transcript at pp. 43-44, 76).

32. Plaintiff took a seat on the floor and refused to comply with Officer Ballman's request that he leave the podium. (Ex. A, Trial Transcript at pp. 43-44, 75-76).

33. At this point, when Plaintiff took a seat on the floor, Officer Ballman made the decision to arrest Plaintiff and Plaintiff was arrested. (Ex. A, Trial Transcript at pp. 76-77).

34. Plaintiff was convicted of the charge of disorderly conduct in Municipal Court. (A true and correct copy of the September 26, 2006 Judgment and Sentence is attached hereto as Exhibit C.).

35. On appeal to the St. Louis County Associate Circuit Court, Plaintiff was again convicted of disorderly conduct. (A true and correct copy of the May 15, 2007 Judgment is attached hereto as Exhibit D.).

36. Plaintiff has appealed this conviction to the Missouri Court of Appeals, where the case is currently pending. See City of Kirkwood v. Thornton, Cause No. ED89560 (Mo. App. E.D. 2006).

The June 15, 2006 City Council Meeting.

37. Plaintiff was again in attendance at Kirkwood's June 15, 2006 city council meeting. (Ex. A, Trial Transcript at pp. 101-102).

38. Plaintiff was recognized and allowed to speak during the Public Comment portion of the city council meeting. (Ex. A, Trial Transcript at pp. 101-103, 112).

39. Plaintiff began his remarks by stating, "jackass, jackass, jackass . . ." (Ex. A, Trial Transcript at pp. 102-103, 112-113, 117-118).

40. Plaintiff also called the Mayor a jackass. (Id.).

41. Plaintiff also remarked on Kirkwood's plantation-like mentality. (Ex. A, Trial Transcript at p. 103).

42. In response to Plaintiff's comments, the Mayor asked Plaintiff to refrain from using such language and to make his comments or state his questions without being disruptive in this manner. (Ex. A, Trial Transcript at pp. 103-104).

43. Mr. Thornton responded by saying that the corrupt city council offends him and continued with the speech noted above. (Ex. A, Trial Transcript at p. 104).

44. After allowing the Plaintiff some time, the Mayor instructed Plaintiff that he would have to take his seat if he would not refrain from the use of such language and would not

ask questions or make comments relevant to Kirkwood. (Ex. A, Trial Transcript at pp. 103-104).

45. Council member Connie Karr made an objection to Plaintiff's use of such language (i.e. "jackass") because the language offended her. (Ex. A, Trial Transcript at pp. 103-104, 106, 112-113).

46. At this point, the Mayor and Plaintiff had a discussion regarding his use of language. (Ex. A, Trial Transcript at pp. 103-104).

47. When Plaintiff refused to comply with the Mayor's requests, Plaintiff's behavior became disruptive to the meeting, was unduly repetitive and was irrelevant to City business. (Ex. A, Trial Transcript at pp. 103-104; Ex. B, Swoboda Decl. at ¶ 9).

48. The Mayor motioned for a Kirkwood Police Officer to intervene. (Ex. A, Trial Transcript at pp. 103-104).

49. The Mayor did not believe Plaintiff was conducting himself appropriately in terms of his discussion or presentation and was, therefore, disrupting the meeting. (Ex. A, Trial Transcript at p. 109; Ex. B, Swoboda Decl. at ¶ 9).

50. Officer Ballman approached Plaintiff and repeatedly asked him to take a seat. (Ex. A, Trial Transcript at pp. 104, 112-113).

51. Plaintiff continued speaking and sat on the floor, further disrupting the meeting. (Ex. A, Trial Transcript at pp. 104-105; Ex. B, Swoboda Decl. at ¶ 9).

52. Plaintiff was charged with disorderly conduct as a result of his conduct at this meeting. (Ex. A, Trial Transcript at pp. 105, 112-116).

53. Plaintiff was later convicted of the disorderly conduct charge in Kirkwood Municipal Court. (Ex. C, September 26, 2006 Judgment).

54. After an appeal to St. Louis County Associate Circuit Court, Plaintiff was once again convicted. (Ex. D, March 15, 2007 Judgment).

55. Plaintiff has appealed this conviction to the Missouri Court of Appeals, where the case is currently pending. City of Kirkwood v. Thornton, Cause No. ED89560 (Mo. App. E.D. 2006).

56. Plaintiff brought up and attempted to address the alleged violations of the First Amendment, which are set forth in his Complaint herein, in the trials of both charges of peace disturbance resulting from his May 18, 2006 and June 15, 2006 arrests. (Ex. A, Trial Transcript at p. 10 ("you will hear an attempt to violate the rights of free speech"); p. 85 ("I was denied my First Amendment Rights to speak free speech"); p. 100 ("I was denied my rights of free speech based on saying words")).

57. After the commencement of this litigation, Plaintiff started appearing outside the business offices of Lewis, Rice & Fingersh and the personal residence of Defendant's counsel, John M. Hessel, carrying and/or displaying the posters stating: (i) The City of Kirkwood's Mayor is a "Liar"; (ii) Lewis, Rice & Fingersh Attorney John Hessel is a "Liar"; (iii) Two Liars Makes One "Cover-up"; (iv) If You Need a Lying Attorney !!! Please Call Lewis, Rice & Fingersh, LC, Ask for "John Hessel"; (v) Lying to a Federal Judge – No Problem !!! Call Lewis, Rice & Fingersh, LC, Ask for "John Hessel". (Declaration of John M. Hessel ("Hessel Decl.") at ¶¶ 5-7 and Exhibits 1-2 thereto, attached hereto as Exhibit E).

58. Hessel was granted an Order of Protection against Thornton prohibiting Mr. Thornton from entering or staying upon the premises or the dwelling of Hessel's personal residence located at 1923 Sunny, Kirkwood, Missouri, or Hessel's place of business at 500 N. Broadway, St. Louis, Missouri, and from coming within 1000 feet of Hessel's personal residence

or business. It does not ban Mr. Thornton from attending Kirkwood Council meetings. (Ex. E, Hessel Decl. at ¶¶ 5-7 and Exhibit 2 thereto).

59. Since the June 16, 2006 city council meeting, Plaintiff has attended city council meetings and has not been denied the opportunity to speak. (Ex. B, Swoboda Decl. at ¶¶ 3, 6).

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ John M. Hessel
John M. Hessel, #3390
Jami L. Boyles, #19903
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147
(314) 444-7600 (Telephone)
(314) 612-7735 (Facsimile)
E-mail: jhessel@lewisrice.com

Attorneys for Defendant City of Kirkwood

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 12th day of October, 2007.

/s/ John M. Hessel