RECEIVED
NOV 1 4 2007

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Charles Lee Thornton, Plaintiff,

Cause No: 407CV79-CDP

Vs.

City of Kirkwood, Defendant.

### Plaintiff's Response To Defendant's Motion For Summary Judgment

Comes Plaintiff now to show cause why this Honorable Court should deny and dismiss Defendant's Motion For Summary Judgment.

1. It is Plaintiff's United States Constitutional Right to explain and support at trial the merit(s) of the case, and show that the public interest favors entering of the injunction requested.

2. Plaintiff states here now, that case ED89560 has jurisdiction over all matters Defendant has placed in Defendant's Statement Of Undisputed Material Facts relating to prior hearings on such matters duly disputed, and knew of said disputes from July 26, 2007 yet DISHONORS this Court's integrity by asking the weighing of such material with jurisdiction this Court does not have.

1

3. Plaintiff has requested relief from this Court to stop irreparable harm to his person that outweighs any harm by the issuance upon the Defendant. To support such a claim at this time, Plaintiff refers to all the documents Defendant has submitted in this case and as support and claims for summary judgment wherein proving no where that City of Kirkwood, City's business has been irreparably harmed, damaged, disrupted or any other set of harm or troubled had by Plaintiff being allowed to speak in his manner and allotted time.

4. No law whether State, Federal or City ordinance has been violated when Plaintiff has been allowed to speak in his manner and allotted time prior to or after May 18, 2006 and June 15, 2006.

5. The Defendant has repeatedly admitted to stopping Plaintiff from speaking, disrupting Plaintiff's mental flow to the point of ending Plaintiff's ability to participate in his Federal Constitution First Amendment Right to speak FREELY at two City of Kirkwood citizens included city council meetings, and Defendant contends a legal reason for doing such, but gives no legal reason, instead gives rederict and emotional phrasing, the hope that their influence covers the Federal District Courts OVER the Court's protections of U.S. Constitutional law.

6. The Defendant by way of it's attorney-John Hessel has created a way to circumvent the U.S. Constitutional Freedom of speech by getting an order of Temporary Restraining upon Plaintiff from the Missouri Court he holds influence with, which takes the position that Plaintiff can no longer be in the presence of John Hessel at any time Mr. Hessel fells or states he is uncomfortable which bring an immediate arrest from violating the court order; causing a CHILLING affect on Plaintiff's inability to participate in city council meetings under First Amendment U.S. Constitutional Freedom of speech, and is added relief from, under the injunction. Plaintiff held, nor holds any danger to John Hessel at any time, and Mr. Hessel gave no proof proving any such danger yet my irreparable harm to my Constitutional First Amendment U. S. Rights continues without such relief. The public will be covered with such a tactic if the Court does not act upon Plaintiff's request or is dismissed under summary judgment.

7. Plaintiff does not ask this Honorable Court lightly to act, the public interest weighs upon this Court, and I as Plaintiff fells assured by the integrity of the Court, and look forwards to the Court's decision.

8. That this Honorable Court can judge rightly a COMPLETE tape recording of Banning Mr. Thornton on May 18, 2006 from City of Kirkwood Council Meetings instead of a accidently altered or purposely erased version, which Defendants

3

issued Plaintiff during initial disclosures.

WHEREFORE, Plaintiff looks to his United States Constitutional Right to a trial upon the merits with the submitting of the evidence in support and all the other constitutional procedural that are also involved, prays that this Honorable Court hears the full legal and weighable evidence before deciding by the granting Plaintiff's request that Defendant's Motion For Summary Judgment be and is Dismissed in favor of a full and complete trial upon the matters involved.

Respectfully submitted,

By _____

Charles Lee Thornton, Pro Se
351 Attucks St.
Kirkwood, Mo. 63122
(314) 486-6471

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon Jami L. Boyles of Lewis, Rice & Fingersh, L.C., 500 North Broadway. Suite 2000 St. Louis, Missouri 63102 by U.S. Mail, postage prepaid, on this /4th day of November, 2007.