UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHARLES LEE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV0079-CDP |
| | ) | |
| CITY OF KIRKWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant City of Kirkwood ("Defendant" or "Kirkwood") filed a Motion for Summary Judgment based on a number of factually supported legal theories, the most significant of which is that Defendant did not violate Plaintiff Charles Thornton's ("Plaintiff" or "Thornton") rights by imposing and enforcing reasonable limits on the time, place and manner of speech at Kirkwood city council meetings. In response, Plaintiff filed a four page document that does not address any of the undisputed facts nor any of the legal arguments presented by Defendant. Instead, Plaintiff appears to argue that he has a constitutional right to a trial and that there is some jurisdictional issue with respect to some matters raised in the Motion for Summary Judgment. Plaintiff also argues that he has been prohibited and/or banned from attending the City of Kirkwood council meetings. See, paragraphs 6 and 7 of Plaintiff's Response. However, Plaintiff's characterization of the Order of Protection and the discussion at the May 18, 2006 meeting are specifically rebutted by Defendant's Statement of Uncontroverted Facts in Paragraphs 57, 58 and 59 and the sworn Declarations referenced therein. Plaintiff does not refute or rebut these (or any) Uncontroverted Facts.

Since Plaintiff does not cite a single case and does not otherwise attempt to distinguish the factual and legal analysis set forth in Defendant's Memorandum, Defendant will not restate the legal analysis herein, and will not address the matters raised by Plaintiff that are unrelated to the Motion for Summary Judgment. Instead, Defendant suggests that it is also entitled to summary judgment because Plaintiff's response is procedurally deficient. Eastern District Local Rule 7-4.01(E) provides that all undisputed material facts submitted by the moving party will be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party. Diechmann v. Boeing Co., 36 F. Supp. 2d 1166, 1168 (E.D. Mo. 1999), aff'd 232 F.3d 907 (Fed. Cir.), cert. denied, 531 U.S. 877 (2000) ("Plaintiffs' mere allegations that issues remain in dispute are insufficient to meet the requirements of Local Rule 4.01 (E), and they are deemed to have admitted all facts which were not specifically controverted."); see also Acevedo v. City of Bridgeton, 2007 U.S. Dist. LEXIS 22562, Case No. 4:05cv1803 (E.D. Mo. Mar. 28, 2007) (Court deemed all facts provided by defendant in summary judgment motion as admitted against *pro se* plaintiff, stating "[b]y failing to cite to any portion of the record that would show a genuine issue of material fact, [Plaintiff] has failed to raise a genuine dispute of material fact and 'all matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment.'").[1] Plaintiff's response completely fails to make any citations to the record, or respond in any way to the fifty-nine (59) numbered paragraphs of undisputed facts submitted by Defendant. As such, Defendant's facts are deemed admitted and Defendant is entitled to summary judgment based upon these undisputed facts.

Further, Plaintiff's generalized response to Defendant's Motion is insufficient under Rule 56 of the Federal Rules of Civil Procedure. "(B)y its very terms [Rule 56(c)] provides that the

---

[1] Opinion in Acevedo v. City of Bridgeton, 2007 U.S. Dist. LEXIS 22562, Case No. 4:05cv1803 (E.D. Mo. Mar. 28, 2007) is attached hereto as Exhibit A.

mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact." Hufsmith v. Weaver, 817 F.2d 455, 460, n.7 (8th Cir. 1987) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986) (emphasis added by the Supreme Court). Material facts are "those that might affect the outcome of the suit under the governing law." Id. Moreover, in accordance with Rule 56(c), Plaintiff bears the burden of setting forth specific facts by affidavit or otherwise showing that there is a genuine issue for trial. Palesch v. Missouri Comm'n on Human Rights, 233 F.3d 560, 565-66 (8th Cir. 2000).

Plaintiff cannot avoid summary judgment by his conclusory allegations that are unsupported by the evidence. "Pro se litigants are not excused from complying with court orders or substantive and procedural law."[2] Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988), cert. denied, 493 U.S. 820 (1989). Plaintiff has failed to make any showing sufficient to establish the existence of any essential element of his claim. See JRT, Inc. v. TCBY Systems, Inc., 52 F.3d 734, 737 (8th Cir. 1995) ("Since Celotex, courts have repeatedly emphasized that the substantive content of a respondent's evidentiary submissions must closely mirror the proof that it would adduce at trial, to make out a true fact issue."). Plaintiff Charles Thornton fails to adhere to these standards, and Defendant is entitled to summary judgment.

---

[2] That is particularly true in this case because Plaintiff has already been admonished by this Court for his failure to comply with court rules and guidelines. See June 21, 2007 Memorandum and Order (Docket Entry No. 34).

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ John M. Hessel
John M. Hessel, #3390
Jami L. Boyles, #19903
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147
(314) 444-7600 (Telephone)
(314) 241-6420 (Facsimile)
E-mail: jhessel@lewisrice.com

Attorneys for Defendant City of Kirkwood

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served, via U.S. Mail, first class postage prepaid, to *pro se* Plaintiff **Charles L. Thornton** at 351 Attucks Street, Kirkwood, MO 63122, on this 21st of November, 2007.

/s/ John M. Hessel